**Novak v. Cohen**
**Frey v. Cohen**

*Joseph W. Conway*, of *Balzarini, Walsh, Conway & Maurizi*, for plaintiffs.

*David R. Levin* and *David B. Washington*, for defendants.

DOYLE, J., March 20, 1974.—This matter is before us on defendants' petition for judgment of non pros.

## FACTS

Defendants, Morris A. Cohen and Helen L. Cohen, his wife, (Cohens) owned a parcel of improved land in the City of Pittsburgh, County of Allegheny, Pa. On November 23, 1964, the Cohens sold the land to defendant, Ruth Russell (Russell), under the terms of an installment sale contract. The Cohens aver that since November 23, 1964, they have had neither control nor the right to control the improved land.

Plaintiffs' complaints allege that on October 23, 1966, they were injured when they fell through an opening leading to the basement of the premises and that at all material times the Cohens were beneficial owners of the improved land and, ergo, liable for plaintiffs' injuries resulting from their falling on the premises.

## PROCEDURAL SUMMARY

| | |
|---|---|
| 11 Oct. 1968 . . . . . | Praecipes for writs of summons in trespass filed. |
| 10-11 Feb. 1969 . . | Praecipes to re-issue said writs filed by plaintiffs. |
| 24 Feb. 1969 . . . . . | Defendants' counsel served with notice of suits. |
| 13 March 1969 . . . | Appearances entered on behalf of the Cohens. |
| 29 Aug. 1969 . . . . | Complaint filed by plaintiff Frey. |

324

11 Sept. 1969 . . . .  Complaint filed by plaintiff Novak.

15 Sept. 1969 . . . .  Answers ex parte Cohens filed.

22 Sept. 1969 . . . .  Interrogatories of Russel to Novak and Frey filed. Eo die appearances entered by Russell.

1 Oct. 1969 . . . . . .  Answers and new matter ex parte Russell filed.

3 Oct. 1973 . . . . . .  Actions placed at issue by plaintiffs.

5-7 Feb. 1974 . . . .  On petition of Cohens, rule granted on plaintiffs to show cause why orders of non pros should not be entered.

11 Feb. 1974 . . . . .  Pre-trial statements of plaintiffs filed.

12 Feb. 1974 . . . . .  Defendant Russell joins in petition for non pros.

28 Feb. 1974 . . . . .  Plaintiffs' answers to petition for non pros delivered to defendants.

## DISCUSSION

During the four-year interval between the filing of defendants' answers and the placing of the cases at issue, defendant Russell died.

Plaintiffs' answers to the petition for non pros deny any lack of due diligence and assert that at all times defendants could have placed the cases at issue. However, this alone does not excuse plaintiffs' inactivity; it is plaintiffs' duty to proceed with a cause of action within a reasonable time or fail in their action: James Bros. Co. v. Union Banking and Trust Co. of DuBois, 432 Pa. 129 (1968); Potter Title & Trust Co. v. Frank, 298 Pa. 137 (1929).

A judgment of non pros is appropriate when a plaintiff has shown want of due diligence in failing to proceed with reasonable promptness and shows no

compelling reason for the delay and the delay has prejudiced an adverse party. Obviously, the death or unexplained absence of a material witness prejudices the deceased party and the Cohens. The entry of a judgment of non pros is founded on laches, not any statute of limitations. Entry of a judgment of non pros is a drastic remedy for unjustified lack of due diligence in moving a contested case towards judicial resolution. The finality of a judgment of non pros is evidenced by the unwillingness of appellate courts to reverse a judgment of non pros entered by a trial court, in the absence of gross abuse of discretion.

No conclusive rule establishes the duration of the delay after the entry of suit which will warrant a judgment of non pros: Holliday v. Foster, 221 Pa. Superior Ct. 388 (1972). However, a review of a number of cases suggests that a delay of four years is not, ipso facto, so long a time as to warrant a pro forma granting of a petition. For example, Holliday, supra, permitted a delay of five years from the time of service of the writ of summons until the filing of the complaint. However, Holliday is not controlling, since the delay there was reasonable, was explained and no apparent prejudice to the opposing party was shown. Furthermore, the Holliday court notes that in cases where filing of the complaint is delayed, defendants have a remedy under Pa. R.C.P. 1037(a). But the instant case is in sharp contrast with Holliday. Here, a material witness, and a party, has died.

Factors favoring defendants include:

1. The four-year delay is on the durational borderline of judicial tolerance;

2. No adequate explanation appears for the delay, except that defendants may be equally culpable, but this extenuating factor has been disallowed specifically by an appellate court (see supra);

3. A material witness who is a party is now deceased and no substitute witness is available to testify anent matters Russell would likely have testified to at trial;

4. Plaintiffs still have not answered interrogatories filed by defendants on September 22, 1969.

Under the recited circumstances, the prayer of defendants' petition must be granted. An appropriate order will be entered.

### ORDER

And now, March 20, 1974, the rule heretofore entered on defendants' petition for non pros is made absolute and judgment of non pros is hereby entered against plaintiff at January term, 1969, no. 305, and against plaintiff at January term, 1969, no. 306, and in both cases, in favor of defendants.