## Cake *v.* Cake, Appellant.

*Sheriff's sale—Inadequacy of price.*

Mere inadequacy in price is in itself insufficient grounds upon which to set aside a sheriff's sale, if the sale is in all respects regular, and no fraud is shown to have been practiced.

*Practice, C. P.—Prothonotary's signature to jurat.*

Where it appears that an answer to a petition to set aside a sheriff's sale has been sworn to, but the prothonotary by mistake omitted to affix his signature to the jurat at the time the oath was administered, he may be permitted by an order of court to subsequently sign the jurat.

Argued May 24, 1893. Appeal, No. 38, July T., 1893, by defendant, from order of C. P. Northumberland Co., Dec. T., 1891, No. 19, discharging rule to set aside sheriff's sale. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule to set aside sheriff's sale.

The petition for the rule averred that the lots had been sold in a lump when they should have been sold separately, that the bidders were guilty of misconduct, and that the price was inadequate. The respondents filed an answer denying the averments of the bill.

The answer was sworn to, but, by mistake, the prothonotary did not sign the jurat. Subsequently the court made the following order :

" And now, Feb. 29, 1892, at the argument of above case, it appearing to the court that the answer of respondents was duly sworn to and filed, as required by the rules of court and

within the time fixed by said rules, but that the prothonotary, who administered the oath, had by mistake omitted to affix his signature to the jurat at the time the oath was administered to the respondents, he is now permitted to affix his signature thereto."

The petitioner excepted to the order. [3]

Evidence was taken for and against the rule, and, after argument, the court, on March 28, 1892, refused to set aside the sale, in the following opinion, by METZGER, P. J., of the 29th judicial district, specially presiding:

[" After carefully examining the testimony in this case, we can find no good reason for setting aside the sheriff's sale. The property was sold as it was advertised, and there is nothing in the testimony showing any fraud or collusion on the part of the purchaser and other bidders, nor any misconduct on the part of the purchaser and plaintiffs in the writ. The sale was regular and fairly conducted, and the property struck down to the highest bidder.] [1]   [There was no impropriety in giving notice of the existence of the mortgage on the property, as it was nothing more than what the record showed. The allegation of the inadequacy of the price, in itself, is insufficient to set aside the sale, as long as the sale is in all respects regular and no fraud is shown to have been practiced.] [2]   For these reasons the rule to set aside the sheriff's sale is discharged at the costs of petitioner."

No exception was filed to this opinion at this time.   After an unsuccessful attempt to control the application of the fund, the following exception is noted for appellant by indorsement on the above opinion: " April 5, 1893, an exception is allowed to the foregoing opinion and order of court nunc pro tunc and bill sealed as of the date of the filing of the opinion."

*Errors assigned* were (1, 2) portions of opinion as above, and (3) order permitting prothonotary to affix his signature to jurat.

*J. W. Cake*, for appellant, cited: Connell v. Hughes, 1 Phila. 225; Tate v. Carberry, 1 Phila. 133; Hoeckley v. Henry, 3 Phila. 34; Ryerson v. Nicholson, 2 Yeates, 517; Rowley v. Brown, 1 Bin. 61; Lessee of Weitzell v. Fry, 4 Dal. 218;

Lewis's Petition, 1 Pitts. R. 537 ; Gobrecht v. Diffenbach, 2 L. Bar, 1871 ; Twells v. Conrad, 2 W. N. 30 ; Tubar v. Snell, 1 Law Times (N. S.), 75 ; Norris v. Adams, 36 Leg. Int. 136.

*Wm. A. Sober*, for appellee, not heard.

PER CURIAM, June 7, 1893 :

We find nothing in this record to warrant either reversal or modification of the order complained of. Neither of the specifications of error is sustained.

Order affirmed, with costs to be paid by J. W. Cake.