# Albright, Appellant, v. Lehigh Coal & Navigation Company.

*Execution—Sheriff's sale—Waiver of inquisition—Award of arbitrators—Appeal.*

Where an award of arbitrators has been filed and an appeal therefrom taken without costs paid or recognizance filed, and thereafter the defendant in the execution deposits a paper in the prothonotary's office by which he waives inquisition, and subsequently execution issues, and the real estate of the defendant is sold at sheriff's sale, such sale cannot after the expiration of seventy-five years be successfully assailed, either on the ground that there was no legal judgment pending the appeal, or because the paper containing the waiver of inquisition had not been marked "filed" by the prothonotary.

*Execution—Sheriff's sale—Name of defendant.*

In 1818 real estate was sold at sheriff's sale as the property of "Burkhart Moser." In the year prior to the sale the defendant deposited in the prothonotary's office a paper waiving inquisition, which he signed as "Burkhardt Moser." The "s" used in the signature was the old fashioned long "s" now sometimes used in English to double the "s" but at the date of the writing it signified but one "s". There were a number of judgments against the defendant at that time. Generally his name was spelled by the officers writing it as "Moser," occasionally as "Mosser." There was no evidence that any other than the named defendant in the judgment then lived in the neighborhood. It was clear that he lived on the land in dispute. There was evidence that in 1832, a "Burkhard Moser" died, and that in 1849, a "Burkhart Mosser, Jr." died. The name of the record owner in 1818 as shown by the deed was "Burkhard Mosser." *Held,* that the evidence was insufficient to raise any doubt or uncertainty as to the defendant in the suit being the owner of the land sold.

Argued April 30, 1902. Appeal, No. 23, Jan. T., 1902, by plaintiff, from judgment of C. P. Schuylkill Co., March T., 1898, No. 431, on verdict for defendant in case of Elizabeth Albright et al. v. Lehigh Coal & Navigation Company. Before

McCollum, C. J., Mitchell, Dean, Fell and Potter, JJ.
Affirmed.

Ejectment for land in Rahn township.   Before Bechtel,
P. J.

The facts appear by the opinion of the Supreme Court.

The assignments of error were verbatim as follows:

1. The court below erred in not defining the distinction of
the two men under whom title is claimed, viz: Moser and
Mosser, Jr.

2. The court erred in not allowing the deposition of Baltz
to be read, the carbon copy being proved, in the hands of the
defendant, who participated in the taking thereof and the wit-
ness being dead.   Such deposition tended to establish the
identity of Moser from Mosser, Jr.

3. The court erred in compelling the plaintiffs and appel-
lants to prove the title of defendant and respondents.

4. The court erred in receiving in evidence the alleged waiver
without proof of its execution by the ancestor under whom the
plaintiffs claim—there being no evidence of the filing thereof or
any consideration for the making thereof, or of its delivery.

5. The court erred in its charge to the jury in comment of
only one heir testifying, when the evidence of such witnesses
was conclusive as to himself and all grandchildren of the direct
ancestor, who was the brother of the fee owner.

6. The court erred in not directing verdict for plaintiff.

*W. G. Stanton,* with him *W. J. Whitehouse,* for appellants.

*Cyrus G. Derr,* with him *F. G. Farquhar* and *Samuel Dick-
son,* for appellee.

Per Curiam, May 19, 1902:

Defendant has not moved to quash this appeal as it might
have been done, because of the appellant's disregard of the
rules of this court in the preparation of paper-book and be-
cause, the appeal is from a refusal to take off a nonsuit, to
which no exception was taken in the court below.

It has declined to take this advantage, it is stated, because

of a desire to have the litigation ended by a review, by this court, upon the merits, which we now proceed to give.

The case was an ejectment in the court below between Elizabeth Albright and 121 other plaintiffs against defendant to recover possession of about 416 acres of land situate in Rahn township and Tamaqua borough, Schuylkill county. The warrantee name of the tract was Aaron Bowen, and before the year 1818 had by proper conveyance become the property of one Burkhard Moser, the ancestor of plaintiffs, and if his title was not divested in his lifetime, then on the evidence before us, it descended to plaintiffs, for defendant claims title and possession under him, Aaron Bowen. But defendant avers, that his title was divested by a sheriff's sale on a judgment in favor of one Oswald against Moser, made at January term, 1818. That one Kemp at a bid of $590, became the purchaser and sheriff's deed was duly acknowledged to him. Under that judicial sale this defendant avers a right of possession adverse to Moser and his heirs down to this day; and it has the right to possession if that sale passed Moser's title.

But plaintiffs deny the validity of that sale, or that it establishes the identity of Moser with the defendant in the execution on which the sheriff made the sale. As to the validity of the sale, it is argued, the writ was issued on an award of arbitrators which had been appealed from, therefore there was no final judgment to sustain the writ. The award was made on March 25, 1816, for 156 pounds, 2 shillings and 11 pence; April 13, less than a month afterwards, there is this docket entry : " Defendant makes oath and appeals according to law." From the record as it thus stood, there was no legal judgment on the award and no inquisition or waiver thereof, and the sheriff's deed was a nullity; but the final execution on which the land was sold was issued to July term, 1818; the purchase money was paid into court by the sheriff and appropriated to prior judgments. Without regard to other executions, levied on the land, more than a year before the issuing of this last execution, on April 2, 1817, this paper was placed in the prothonotary's office:

" I, the defendant above named, do consent and agree, that the tract of land levied upon by the sheriff of said county situated in Rush township, adjoining the land of John Kershner,

Philip Moser and others, and containing 420 acres, more or less, may be condemned and sold without holding an inquisition thereon, and that the levy, sale and title shall be as valid as if the land were condemned by an inquisition of twelve men."

"Witness my hand and seal the 2d day of April 1817," signed "Burkhardt Moser," and witness "C. L."

It is well settled by our authorities, that to support a sale of land by the sheriff the record must show an inquisition or a waiver thereof by defendant. See McLaughlin v. Shields, 12 Pa. 283, and St. Bartholomew's Church v. Wood, 61 Pa. 96, and the many authorities in these cases cited. Without a waiver there is no authority to sell; the acknowledgment of the deed will cure a mere irregularity, but it will not supply an authority which never existed. But here, there was a clear waiver by the defendant before the sale. It is argued the paper was not marked "filed" by the prothonotary. This is true, but it was produced by the present officer having the custody of the papers from the proper office. It was neither the right nor the duty of the parties to it, to mark it "filed;" they could only hand it to the officer whose duty it was to make the proper indorsement. If he neglected to do so, nevertheless, their rights could not, especially after this lapse of time, be affected by his neglect. So taking this paper as found in the office, there was a clear waiver of inquisition. It treats the imperfect appeal as a nullity; the award as having become an absolute judgment by a failure to appeal, for no recognizance was entered and no costs paid to constitute it an effective appeal. And so it has remained for seventy-five years without objection from any one.

It is further argued, that the defendant in the judgment obtained by Oswald on which defendant claims the land was sold, was another than the owner of the land; that the owner's name was "Burkhard Moser" while the defendant in the judgment spelled his name "Burkhart Mosser, Jr." That the latter died in 1849 and the owner of the land in 1832.

There is no evidence that in 1816 when the suit was brought or in 1817 when the written waiver was placed in the office, that any other than the named defendant in the judgment then lived in the neighborhood; it is clear that he lived on the land in dispute; there were about that time a number of judgments

against him ; generally his name is spelled by the officers writing it, as "Burkhart Moser," occasionally as "Mosser," and once in the Oswald suit the prothonotary has written it "Mosser." His signature to the waiver is written with the old-fashioned long "s" now sometimes used in English to double the "s" but at the date of the writing it signified but one "s" and therefore the name spelled by the defendant is "Moser" as it appears in all the other papers in the suit now to be found in the office.

There was no evidence in the case pointing to any doubt or uncertainty as to the defendant in the suit being the owner of the land sold.

After the acquiescence of these heirs for three quarters of a century, in a judicial sale of their ancestors' land, no court would move to disturb defendant's possession except on clear proof of right; in such proof plaintiffs have wholly failed, therefore the judgment is affirmed.