Holliday et al., Appellants, *v.* Foster.

Argued April 10, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

 

A. R. *Cingolani, Jr.,* with him *Cingolani & Cingolani,* for appellants.

*Frank P. Krizner,* with him *Lee C. McCandless* and *McCandless, Chew & Krizner,* for appellee.

OPINION BY PACKEL, J., June 15, 1972:

Procrastination in the prosecution of a lawsuit can be the basis for dismissal.[1] Unlike the fixed rules of statutes of limitations, there is no conclusive rule as to how long a delay after a suit is instituted will warrant a judgment of non pros. *James Bros. Co. v. Union B. & T. Co. of DuBois,* 432 Pa. 129, 247 A. 2d 587 (1968) (14 years); *Gallagher v. Jewish Hospital Association,* 425 Pa. 112, 228 A. 2d 732 (1967) (18 years); *Wildermuth v. P. & R. Ry. Co.,* 326 Pa. 536, 192 A. 657 (1937) (13 years); *Hruska v. Gibson,* 316 Pa. 518, 175 A. 514 (1934) (9 years); *Potter T. & T. Co. v. Frank,* 298 Pa. 137, 148 A. 50 (1929) (11 years); *Waring Bros. & Co. v. Pennsylvania R. R. Co.,* 176 Pa. 172, 35 A. 106 (1896) (15 years).

---

[1] The doctrine has an old history. "For if the plaintiff neglects to deliver a declaration for two terms after the defendant appears, or is guilty of other delays or defaults against the rules of law in any subsequent stage of the action, he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a nonsuit or non prosequitur is entered, and he is said to be non-pros'd." 3 Blackstone's Commentaries (1768) 295, 296.

The issue in this case is whether the court below abused its discretion or made a mistake of law in barring relief where the delay in filing a complaint was approximately five years after the service of the summons. Counsel for the plaintiff-appellant, in seeking relief from the judgment of non pros., filed a petition alleging that the delay related to uncertainty as to the need for an operation on the plaintiff, negotiations with the insurance carrier of the defendant and his own serious stroke in 1969. No answer to the petition was filed, and it was denied without a hearing.

The normal way of avoiding undue delay in the filing of a complaint, when an action is commenced by service of a summons, is Pa. R. C. P. 1037(a). The plaintiff is given notice, and if he fails to file a complaint within 20 days, the defendant by filing a praecipe can automatically obtain a judgment of non pros. The existence of that procedure does not limit the inherent power of the court to grant the remedy of non pros.[2] Because of the availability of Pa. R. C. P. 1037 (a), however, the courts should limit their exercise of power as to failure to file a complaint to cases of rather extreme delay.[3] All such appellate cases have entailed a delay much in excess of five years. Even more important in the instant case, the delay was satisfactorily explained without contradiction and there is nothing of record to show that "the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *James*

---

[2] It was so held specifically in *Gallagher v. Jewish Hospital Association, supra.*

[3] Appellee's reliance upon *Goldstein v. Graduate Hospital of the University of Pennsylvania*, 441 Pa. 179, 272 A. 2d 472 (1971), is misplaced because in that case the defendant did utilize Pa. R. C. P. 1037(a) and, in fact, made repeated demands upon the plaintiff to file a complaint or be non prossed.

*Bros. Co. v. Union B. & T. Co., supra,* 432 Pa. at 132, 247 A. 2d at 589.

Judgment of non pros., vacated.

CERCONE, J., concurs in the result.

WATKINS and JACOBS, JJ., dissent.