### Johnson v. Whisler

*Fine, Staud, Grossman & Garfinkle,* for plaintiff.
*David Abramson,* for defendant.

HIRSH, J., May 11, 1973.—This matter is before this court on defendant's motion for a judgment of non pros against plaintiff. Plaintiff initiated this action by complaint on June 5, 1969, to recover for injuries allegedly arising out of an accident on August 26,

1967. After plaintiff's counsel filed a certificate of readiness on August 15, 1972, the case was assigned to an arbitration panel and a hearing scheduled for October 19, 1972. That meeting was continued at the request of plaintiff's attorney and a second hearing was scheduled for October 27, 1972. The second hearing was also continued at the request of plaintiff's attorney. The arbitration panel then scheduled a third hearing for December 5, 1972. At that time, plaintiff and his counsel again failed to appear and the matter was returned to the arbitration commissioner. Since December, no action has been taken by plaintiff to restore the case to the arbitration list. Subsequently, defendant moved for a judgment of non pros.

A judgment of non pros is within the discretionary powers of this court. Although there are no fixed rules for judgments of non pros for failure to prosecute (Holliday v. Foster, 221 Pa. Superior Ct. 388, 292 A.2d 438 (1972)), the entry of a judgment of non pros is proper if plaintiff has failed to prosecute the action with reasonable diligence and has failed to bring the action to trial. Here, plaintiff explains his delay by stating that the first two continuations resulted from the fact that plaintiff's counsel was in Hawaii on vacation. The third delay resulted from the fact that plaintiff had moved and had changed his telephone number without informing his counsel of such changes.

Pennsylvania Rule of Civil Procedure 1037(c) permits this court, on motion of a party, to enter an appropriate judgment against a party upon default or admission. In Gallagher v. Jewish Hospital, 425 Pa. 112, 228 A.2d 732 (1967), the Pennsylvania Supreme Court interpreted this rule as granting this court the power

to enter all appropriate judgments, including judgments of non pros. Therefore, acting within its powers, this court holds that under these circumstances a judgment of non pros is appropriate.

This action involved a motor vehicle accident which occurred in 1967. However, defendant was only served with the complaint on January 29, 1970. Now, three years later, plaintiff is asking this court to excuse its failure to appear for three arbitration hearings because plaintiff's counsel was vacationing in Hawaii and because plaintiff decided to move without informing his counsel of his new address and telephone number. The totality of these circumstances clearly indicates that plaintiff failed to actively prosecute his claim and such procrastination sufficiently supports the entry of a judgment of non pros. Since this is a motor vehicle accident case, such delays are particularly detrimental to defendant. Over time, memories of witnesses are dulled to the prejudice of defendant. Furthermore, plaintiff's counsel filed a certificate of readiness on August 15, 1972. By such a certificate, plaintiff's counsel certified that the case was ready for trial and "all necessary parties and witnesses will be available." However, plaintiff and his counsel were apparently not ready and they can hardly expect defendant to suffer the prejudice of such delays. Therefore, this court, acting within its discretionary powers, grants defendant's motion for a judgment of non pros.

Accordingly, it is therefore ordered and decreed a judgment of non pros is entered against plaintiff and his action is hereby dismissed.