482 A.2d 991

PENN–CLAIR CONSTRUCTION COMPANY, A
Pennsylvania Corporation

v.

EDEN ROC COUNTRY CLUB, A Pennsylvania Non Profit
Corporation, Appellant

v.

Harry Alan SHERMAN, Robert F. Rainey, Paul Blank,
Trustees of the Eden Roc Country Club Trust Fund.

PENN–CLAIR CONSTRUCTION COMPANY, A Pennsylvania
Corporation, Appellant,

v.

EDEN ROC COUNTRY CLUB, A Pennsylvania Corporation

v.

Harry Alan SHERMAN, Robert F. Rainey, Paul Blank,
Trustees of the Eden Roc Country Club Trust Fund.

Superior Court of Pennsylvania.

Argued May 15, 1984.

Filed Sept. 21, 1984.

Harry A. Sherman, Coral Gables, for Eden Roc, appellant (at No. 738) and appellee (at No. 793).

Walter F. Baczkowski, McKeesport, for Penn-Clair, appellant (at No. 793) and appellee (at No. 738).

Before CAVANAUGH, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This case involves cross-appeals [1] from the June 15, 1982 Order of the en banc Court of Common Pleas of Westmore-

1. We note that counsel for the plaintiff below, Penn Clair Construction Co., also has filed an appeal from the June 15, 1982 Order docketed by the prothonotary of Superior Court at No. 793 Pittsburgh, 1982. We have reviewed the plaintiff's brief and find that, although

land County amending its original judgment of default so as to read against the defendants-appellants (Eden Roc Country Club, Harry Alan Sherman, Robert F. Rainey and Paul Blank, Trustees of the Eden Roc Country Club Trust Fund). We affirm.

On June 1, 1977, counsel for Penn Clair Construction Co. filed a complaint in ejectment containing a "Notice to Defend" which complied in all respects with the language set forth in Pa.R.Civ.P. 1018.1(b). Also, the caption read that suit was being brought against: "EDEN ROC COUNTRY CLUB, a Pennsylvania non-profit Corporation" and "HARRY ALAN SHERMAN, ROBERT F. RAINEY, PAUL BLANK, Trustees of the Eden Roc Country Club Trust Fund." After service was made, an appearance and preliminary objections were filed by counsel on behalf of the defendants, Eden Roc Country Club and Sherman, Rainey and Blank, as "Trustees of the Eden Roc Country Club Trust Fund." Following the submission of an answer by the plaintiff, the court, sitting en banc, dismissed defendants' preliminary objections for failing to file a brief and failing to appear for oral argument. Thereafter, on October 2, 1978, the plaintiff's counsel presented the following captioned document to the prothonotary of Westmoreland County:

| | | |
|---|---|---|
| PENN CLAIR CONSTRUCTION COMPANY, a Pennsylvania Corporation, | ) ) ) | |
| vs. | ) ) | No. 4706 of 1977 |
| EDEN ROC COUNTRY CLUB, a Pennsylvania non-profit Corporation, | ) ) ) ) | IN EJECTMENT |
| vs. | ) ) ) | |

well-written, it merely argues in favor of sustaining the June 15th Order. It in no way questions the propriety of the Order at issue. Thus, plaintiff's filing of a *separate appeal* was for naught. The plaintiff could have accomplished the same objective by simply filing a brief in opposition to defendants' position. *See* Pa.R.App.P. 2112.

HARRY ALAN SHERMAN, ROBERT F. )
RAINEY, PAUL BLANK, )
Trustees of the Eden Roc )
Country Club Trust Fund. )

### PRAECIPE FOR JUDGMENT

TO THE PROTHONOTARY:

Please enter judgment against defendants, EDEN ROC COUNTRY CLUB, HARRY ALAN SHERMAN, ROBERT F. RAINEY and PAUL BLANK. They have failed to answer the complaint for more than twenty (20) days.

Amount of Judgment: Possession.

---

On September 10, 1979, a petition to open, followed by an amendment thereto on November 5, 1979, was filed and denied following a hearing. An appeal was taken to this Court, which affirmed the lower court's action against, *inter alia*, Sherman, Rainey and Blank as "Trustees of the Eden Roc Country Club Trust Fund." *Penn Clair Construction Co. v. Eden Roc Country Club*, 294 Pa.Super. 377, 440 A.2d 514 (1981).

On January 27, 1982, a motion to strike the default judgment was filed by Sherman, Rainey and Blank "as individuals, and not as trustees of the Eden Roc Country Club Trust Fund." Therein, the movants alleged in relevant part:

14. None of the parties against whom judgment was entered was served or did authorize appearance of counsel in their behalf. Further, Harry Alan Sherman, Robert F. Rainey and Paul Blank individually were not named as defendants in the action; and did not appear in person or by attorney; nor were they at any time holders individually or collectively of any interest in the trust res other than as trustees. Movants therefore aver that the entry of judgment in default for possession of any part of the said Trust property is without warrant in law or equity, and is in violation of the rights of the said individual movants to due process under the Constitution and laws of the Commonwealth of Pennsylvania and under the

Constitution and laws of the United States, and should be stricken.

\* \* \* \* \* \*

17. Although the issue of defective, erroneous and void judgment was raised in the brief of Appellants in the Superior Court, the said Court refused to hear or determine same [having not been raised below], suggesting that a Motion to Strike herein was the proper procedure for adjudication thereof, as appears in footnotes $ 2 and 8 of the Opinion therein . . . .

18. None of the movants, either as trustees or as individuals were in any manner or by any act or conduct chargeable with the grounds upon which the defaults resulting in the entry of the void, erroneous and defective personal judgment was based.

19. . . .

WHEREFORE, movants respectfully move that the personal void judgment against them be stricken.

On February 22, 1982, counsel for the defendants (Eden Roc Country Club, a Pennsylvania Corporation not for profit; Harry Alan Sherman, Robert F. Rainey and Paul Blank, as trustees of Eden Roc Country Club Trust Fund,) filed a motion seeking leave to file an answer to the complaint and new matter. In that portion of the motion relating to Sherman, Rainey and Blank as trustees, at Point 8, counsel asserted that "in . . . the Complaint, the Trustee defendants set out in the caption thereof were admittedly all duly constituted trustees under the referred to express Trust, at the time of the institution of the within action." However, at Point 9, counsel averred:

. . . [A]fter . . . dismissal [of the preliminary objections filed on behalf of the defendants by counsel] without notice to these defendants, no answer was prepared on behalf of them or for Eden Roc Country Club, a non-profit corporation for whom they appeared without authorization and without notice of any of the defaults of said counsel, and, on praecipe of plaintiff, by its said attorneys, default judgment was erroneously entered against

these defendants NOT AS TRUSTEES but personally, which said fact became known to them on or about January 17, 1981, after appeal in the name of these defendants was taken to the Superior Court of Pennsylvania . . . .

Further, on March 9, 1982, counsel for the movants—Sherman, Rainey and Blank sought leave to intervene as "individuals," and not as "trustees" named in the original complaint, "for the purpose of moving to strike the void default judgment as to them[.]" Again, the movants admitted to hiring counsel "to defend against the complaint's claim," but pleaded that the failure of prior counsel to act timely and his filing of a petition to open on their behalf as "trustees," *in response to a default judgment entered against them as "individuals,"* was without their knowledge. Likewise, the movants alleged that counsel who represented them on the initial appeal to this Court was unaware of the discrepancy between the parties listed in the caption and those against whom the default judgment was being sought in the mandate of the plaintiff's praecipe for judgment. Thus, they were asking for the opportunity to remedy the situation in the form of a motion to strike the default judgment.

Following the submission of numerous documents (e.g., briefs and amendments to the motion sought), the en banc court denied the movants request to intervene and strike the default judgment. In doing so, the court remarked that the plaintiff was conceding that it was not its intention to take judgment against Sherman, Rainey and Blank as "individuals." Moreover, the court observed that, given the ruling of this Court affirming the denial of the petition to open filed by the defendants—Sherman, Rainey and Blank in their capacity as "trustees," it had to decide if it had the authority to *amend the original judgment so as to rea against the defendants as "trustees" and not as "individuals."*

In holding that it had the power to make such an amendment (citing *West Penn Sand & Gravel Co. v. Shipping-*

*port Sand Co.*, 367 Pa. 218, 80 A.2d 84 (1951) and *Brummer v. Linker*, 329 Pa. 192, 196 A. 834 (1938)), the court did so by viewing the defendants' motion as a "petition to amend the existing judgment to conform to the admissions of the parties ... motion to intervene as well as the plaintiff's answer thereto." Accordingly, the court entered the following Order:

AND NOW, to-wit, this 15th day of June, 1982, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment by default entered by the plaintiff on the praecipe on October 2, 1978, be amended to read:

Please enter judgment against the defendants Eden Roc Country Club, Harry Alan Sherman, Robert F. Rainey and Paul Blank, trustees of the Eden Roc Country Club Trust Fund. They have failed to answer the complaint for more than twenty days. Amount of judgment: Possession[.]

The defendants (Eden Roc Country Club, a Pennsylvania non-profit corporation; Harry Alan Sherman, Robert F. Rainey and Paul Blank, as Trustees of Eden Roc Country Club Trust Fund,) filed an appeal questioning: 1) the authority of the en banc court's *sua sponte* amendment of the default judgment against the trustees for their failure to file a. timely answer to the complaint; 2) whether the plaintiff complied with the notice to defend requirement of Pa.R.Civ.P. 1026; 3) whether the initial Order dismissing defendants' preliminary objections was defective; and 4) whether the ruling in *Penn Clair Construction Co. v. Eden Roc Country Club, supra,* "foreclose[d] the right of defendants to move to strike the said [allegedly] void default judgment?" (Defendants' Brief at 3)

Reviewing the last claim first, we note that this Court in *Penn Clair Construction Co.* specifically refused to determine whether a defect in judgment appeared on the face of the record so as to subject it to attack by a motion to strike. We did so on the basis that the issue, having been raised for the first time on appeal, was waived. *See American Vend-*

*ing Co. v. Brewington,* 289 Pa.Super. 25, 33 n. 5, 432 A.2d 1032, 1036 n. 5 (1981).

Presently, the defendants attempt to resurrect the matter under the guise that they *personally* were unaware of the defect, and the fact that none of their prior counsel raised the issue sooner should not be visited upon them now in the form of an extension of the waiver doctrine to preclude an assault on the validity of the default judgment.

We have answered similar claims made by counsel seeking to open/strike a default judgment, and find the response equally applicable to the case at bar; e.g.:

> [Counsel for the appellants] laments that "attorneys are humans, prone to error, whose frailities [sic] should not be visited upon their clients depriving them of their right to have their case tested by a trier of fact ...." (Appellants' Brief at 6) Although we empathize with counsel, we do not attribute a talismanic quality to the importuning that clients should not be held accountable for their counsel's (in)action. "To hold otherwise as [appellants' counsel] contend[s], would reduce the provisions for entering a [default judgment] to a nullity, since ... [counsel] could always void [it] by merely ...." arguing justice would not be served by penalizing clients for their attorney's conduct. *New York Life Insurance Co. v. Sekula,* 352 Pa. 495, 498, 43 A.2d 134, 136 (1945).

> \* \* \* \* \* \*

> "... we have held that although defendant's ... counsel may be involved in other matters, the existence of these obligations provides no excuse for opening the judgment *even though the client may be severely prejudiced. Walters v. Harleysville Mutual Cas. Co.,* 417 Pa. 438, 207 A.2d 852 (1965)." (Emphasis in original) *Goldstein v. Graduate Hospital, supra,* 441 Pa. [179] at 182–183, 272 A.2d [472] at 474 [(1971)]. Accordingly, the inadvertance or mistake of counsel, without more, will not excuse appellants' failure to answer interrogatories. *Spilove v. Cross Transportation, Inc.,* 223 Pa.Super. 143, 297 A.2d 155 (1972); *Westinghouse Credit Corp. v. Wenzel,* 223

Pa.Super. 87, 289 A.2d 759 (1972); *see also Nardulli v. John Carlo, Inc.*, 274 Pa.Super. 34, 417 A.2d 1238 (1979) (failure to answer was based on a misunderstanding between counsel as distinguished from mere inadvertence or negligence, and, thus, lower court abused its discretion in refusing to open the judgment); *King v. Fayette Aviation*, 226 Pa.Super. 588, 323 A.2d 286 (1974) (burdens of litigation not reasonable excuse).

*Vorhauer v. Miller*, 311 Pa.Super. 395, 402 & 405, 457 A.2d 944, 948 & 949 (1983), praecipe for discontinuance filed June 10, 1983 [No. 190 E.D. Allocatur Docket 1983].

■ Instantly, as remarked earlier, the defect in the mandate of the praecipe for judgment was noticed initially by counsel on appeal. Under Pa.R.Civ.P. 1032, a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply. Thus, under the rationale of *Vorhauer*, that clients are to be held accountable for the inactions of their counsel, and Rule 1032, we hold that appellants' *basis* for seeking to strike the plaintiff's default judgment has been waived. *See General Mills, Inc. v. L.M. Snavely*, 203 Pa.Super. 162, 167, 199 A.2d 540, 543 (1964).

Alternatively, we note that the same result would obtain in the absence of a waiver. The reason is that in construing documents submitted to a court, the oft-stated manner in which they are to be scrutinized was stated by this Court in *General Mills v. L.M. Snavely, supra;* to-wit:

Although the answer, new matter and counterclaim were not drawn with particular nicety, we are impelled to heed the admonition in Pa.R.C.P. No. 126, as follows: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties". Courts should not be astute in enforcing technicalities to defeat apparently meritorious claims: *West Penn Sand & Grav-*

*el Co. v. Shippingport Sand Co.*, 367 Pa. 218, 80 A.2d 84 [ (1951) ]. The procedural rules are not ends in themselves, but means where by justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives: *Esso Standard Oil Co. v. Taylor,* 399 Pa. 324, 159 A.2d 692 [ (1960) ]. *Id.,* 203 Pa.Superior Ct. at 167, 199 A.2d at 543.

■ It is undisputed that save for the mandate of the plaintiff's praecipe for judgment, all documents filed prior and subsequent thereto captioned the defendants as party-litigants in their capacity as "trustees" and not in *person-am.* This fact was accurately captured by the en banc court in its Opinion characterizing the plaintiff's response to defendants' motion to intervene as one in which the "Plaintiff contend[ed] that the praecipe for the entry of a default judgment [was] to be construed as referring to the intervenors in their capacity as trustees of Eden Roc Country Club and not as individuals." As a result, the en banc court was correct in treating the various documents filed as justification to amend the original judgment of default to read against the defendants—Sherman, Rainey and Blank as "trustees." *See Yentzer v. Taylor Wine Co.,* 409 Pa. 338, 186 A.2d 396 (1962); *George H. Althof, Inc. v. Spartan Inns of America, Inc.,* 295 Pa.Super. 287, 441 A.2d 1236 (1982); *see also Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280 (1978).

Given our ruling concerning the preservation of appellants' motion to strike argument, we find it unnecessary to deal with the other allegations raised by the appellants.[2] Accordingly, we affirm the Order entered below.

2. For the sake of completeness, we would note that appellants' other claims concerning Points $ 2 and $ 3 cited *supra* have been examined and found wanting. For example, as for Point $ 2's reference to Pa.R.Civ.P. 1026, the plaintiff's complaint in ejectment complied in all respects with its notice to defend requirement. *See* Pa.R.Civ.P. 1018.-1(b). Next, as to Point $ 3, after the defendants' preliminary objections were denied on June 23, 1978, they failed to file any responsive pleading (i.e., Answer,) to the complaint in ejectment, despite numerous letters in the record from plaintiff's counsel asking defendants' counsel to do so or suffer a default judgment. Thus, there was no

impropriety in the plaintiff's submission of a praecipe for judgment on October 28, 1978 because of defendants' counsel's inaction. *Compare Cruse v. Woods*, 279 Pa.Super. 242, 420 A.2d 1123 (1980).

It requires mention that because defendant—Eden Roc Country Club was properly identified in the praecipe for judgment filed by the plaintiff—when read as a whole, as well as all other instruments appearing in the record relevant to the instant action, there is no justification warranting the grant of relief to it, as compared to the other defendants—Sherman, Rainey and Blank as trustees.