517 A.2d 1318

Jason LANSDOWNE, a Minor, by Debra
LANSDOWNE, His Guardian

v.

G.C. MURPHY COMPANY, a Corporation; and Miracle
Equipment Company, a Corporation.

Appeal of Debra LANSDOWNE, Natural Guardian of
Jason Lansdowne, a Minor.

Superior Court of Pennsylvania.

Argued Sept. 10, 1986.

Filed Nov. 12, 1986.

Richard Audino, New Castle, for appellant.

Nancy McRandal, Beaver, for G.C. Murphy, appellee.

Monica Maghrak, Pittsburgh, for Miracle Equip., appellee.

Before BROSKY, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Lawrence County granting a motion to strike the complaint of the plaintiff/appellant, Jason Lansdowne. We affirm.

The facts are not in dispute and reveal that in October of 1979, the minor-plaintiff fell off a merry-go-round said to have been manufactured by Miracle Equipment Company and located, at the time, in G.C. Murphy Company's New Castle store.

Suit against G.C. Murphy Company and Miracle Equipment Company was commenced on behalf of the minor-plaintiff by his guardian, Debra Lansdowne, by the filing of a praecipe for a writ of summons in October of 1981. The summonses were served on each defendant. Correspondence between counsel for G.C. Murphy Company and the plaintiff's counsel then ensued. The first of the communiques was in the form of a letter dated February 22, 1982 from counsel for the plaintiff advising counsel for G.C.

Murphy Company that further evaluation by medical specialists concerning the extent of his client's injuries and future prognosis were necessary and continuing. When the medical evaluation was received, a copy would be sent to G.C. Murphy Company along with a formal complaint in the matter. However, when no action was forthcoming almost a year later, counsel for G.C. Murphy Company, by letter dated January 25, 1983, requested the filing of a complaint.

With the apparent inaction of the plaintiff, counsel for G.C. Murphy Company again wrote to opposing counsel on June 17, 1983. This time a rule to file a complaint within 20 days of the receipt of the rule was sought, as permitted by Pa.R.Civ.P. 1037(a). Nonetheless, the plaintiff took no action. Counsel for G.C. Murphy Company wrote a second time on August 9, 1983 informing the plaintiff's counsel that he "intend[ed] to take a judgment on this matter within the next 10 days." The return receipt indicated that notice of the intention to seek a judgment of non pros was received on August 11, 1983.

Even with the passage of more than the allowed for 10 days, counsel for G.C. Murphy Company received no response from the plaintiff and, as a result thereof, submitted a "Praecipe For Entry Of Judgment Of Non Pros" to the prothonotary on Friday, September 16, 1983 at 9:29 a.m. Curiously enough, at 2:30 p.m. of the same day, counsel for the plaintiff filed a complaint with the prothonotary.* However, of interest here is the fact that the prothonotary did not enter judgment in the official docket—Appearance Docket—until the following Monday, the 19th day of September, 1983.

On February 13, 1985, a praecipe to reinstate the complaint was filed and obtained by plaintiff's counsel. Inter-

---

* A note of concern that, given the proximity in time and the *fortuitous nature of the complaint filing*, the circumstances conjure up in one's mind, viewing the facts in a common sense fashion, the unpleasant thought that the praecipe's *entry* into the Appearance Docket was delayed until the responding party could act to "beat the filing clock", to use a euphemism. This type of scenario, if indeed this was the case (and we pray that it was not here), should not and will not be tolerated.

estingly enough, it was not until February 14 that G.C. Murphy Company was served with the complaint, and it was not until February 20 that Miracle Equipment Company received the complaint in the regular mail. In response thereto, counsel for G.C. Murphy Company filed preliminary objections in the nature of a Motion To Strike Complaint on March 8. On April 15, counsel for Miracle Equipment Company also filed a Petition For Judgment Of Non Pros, along with a praecipe to place the Petition upon the next argument list.

The Petition and Motion were consolidated for argument. By opinion and order dated August 8, 1985, the lower court, after listening to all sides, entered a ruling that read: "Complaint stricken, as of date of filing same for failure to comply with RCP 1037(a)." (Lower Court Opinion at 5) This dispensed with the need to address Miracle Equipment Company's request for a non pros since, as put by the lower court, "Once the complaint is stricken, nothing remains on which to act." Id. The present appeal was filed thereafter.

Before reaching the merits of the appellant's claim, we deem it appropriate to decide, as is our right and obligation, the appealability of the order sua sponte. See *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981); *MacKanick v. Rubin*, 244 Pa.Super. 467, 368 A.2d 815 (1976).

■ As has been stated on numerous occasions, the finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. See, e.g., *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). It has also been said that if the practical consequence of the order of the lower court is effectively to put an appellant "out of court" the order will be treated as final. See *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). Likewise, an order is "final" if it precludes a party from presenting the merits of his claim to the lower court. See *Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1970).

■ Instantly, the lower court entered an order striking the appellant's complaint in trespass for failure to comply with Pa.R.Civ.P. 1037(a).[1] Therefore, with the dismissal of the complaint, no one would dispute that the appellant was "out of court" with his trespass action so as to be foreclosed from presenting the merits of his case before a tribunal authorized to hear the same. See, e.g., *Woolard v. Burton,* 345 Pa.Super. 366, 498 A.2d 445 (1985).[2]

We can now turn our attention to the sole question raised by the appellant in his brief to us; namely:

Was it proper, under the circumstances of this case, for the court to strike a complaint which was filed prior to the entry of a judgment of non pros per Pa.R.C.P. 1037(a)?

The appellant would have us hold that, although G.C. Murphy Company *filed* its praecipe for judgment of non

1. Rule 1037(a) reads:

 (a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

2. We note that the striking of the complaint gave legitimacy to and let stand the judgment of non pros filed by and entered in favor of G.C. Murphy Company by the prothonotary. However, the same cannot be said for Miracle Equipment Company. See generally *McCelland v. West Penn Appliance Co.,* 132 Pa.Super. 471, 473–75, 1 A.2d 491, 492 (1938). No record evidence appears that a judgment has ever been entered in favor of Miracle Equipment Company. See Pa.R.App.P. 301(a) & (c). Thus, parenthetically, inasmuch as the lower court *did not rule on the merits* of Miracle Equipment Company's judgment of non pros when it struck the appellant's complaint as untimely, the dispute between these two litigants would appear to be in esse. This is so since the record reveals that the praecipe for judgment of non pros rendered retroactively effective by the lower court's order striking the complaint was filed only on behalf of G.C. Murphy Company by its counsel, and did not list Miracle Equipment Company as a party petitioner. See generally *Penn-Clair Construction Co. v. Eden Roc Country Club,* 333 Pa.Super. 516, 482 A.2d 991 (1984).

 We need not dwell on this any further since it does not affect our determination to uphold the lower court's actions in striking the appellant's complaint as violative of Rule 1037(a) & (c). This is the only question posed for our consideration by the appellant and not whether its claim against Miracle Equipment Company is still viable.

pros .prior to his filing his complaint (by five hours), the requirements of Rule 1037(a)'s "entry" of a judgment of non pros having not been complied with by the prothonotary *before* the filing of his complaint renders the actions of the lower court improper. This procedural issue appears to be one that has heretofore not been decided by an appellate court.

We start our discussion by observing that, in Pennsylvania, the prothonotary has been held to be merely the clerk of the Court of Common Pleas. *Smith v. Safeguard Mutual Insurance Co.,* 212 Pa.Super. 83, 86, 239 A.2d 824, 826 (1968). He retains no judicial powers nor does he have power to act as attorney for others by virtue of his office. Id. As prothonotary, it is his duty to record all judgments entered by the court or confessed by parties before the court.[3]

It has also been said that his power is derived from the instrument under which he acts and not from his office, see *Swarb v. Lennox,* 405 U.S. 191, 195, 92 S.Ct. 767, 769, 31 L.Ed.2d 138 (1972), and that his entry of judgment is a ministerial act. Id., citing *Lenson v. Sandler,* 430 Pa. 193, 197, 241 A.2d 66, 68 (1968).

The aforesaid is in accordance with a treatise on the subject, i.e., Corpus Juris Secundum, which reads:

> ... the great weight of authority is that the entry of judgment is a ministerial or clerical act, required to be done by the clerk of the court, ... and consists of placing a judgment previously rendered on the record, by which enduring evidence of the judicial act is afforded. While the term "entry of judgment" is sometimes used in a general sense so as to include rendition of judgment, it is most often used in a more limited and precise sense as meaning the ministerial act of spreading the judgment at large on the record as distinguished from the judicial act of giving or pronouncing judgment. There must be a

**3.** See the Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended April 28, 1978, P.L. 202, No. 53, § 10(23), 42 Pa.C.S. § 2737. As for the clerk of court's powers and duties see and compare 42 Pa.C.S. § 2757.

compliance with statutes or rules of court regulating the entry of judgments.

*　　*　　*　　*　　*　　*

A judgment is entered when it is spread at large on the record, and under some statutes not until then.

*　　*　　*　　*　　*　　*

Under some statutes, however, a judgment is entered when a signed copy of it is delivered to the clerk and filed by him, although not actually transcribed on the record, or when the judgment is duly signed and filed by the clerk. So it has been held that a judgment is in law entered, at least for some purposes, at the time a proper entry thereof is formulated and given to the clerk to be entered of record.

*　　*　　*　　*　　*　　*

As a general rule, the decisions of all courts must be preserved in writing in some record provided for that purpose. Where a statute so requires, judgments should be entered, and for many purposes a judgment is not complete, perfect, and effective until it has been duly entered. Thus it has been broadly held that judgments take effect only from the date of entry, and that there is no judgment until it is entered of record.

*　　*　　*　　*　　*　　*

*As between the parties,* a judgment duly rendered may be valid and effective, although not entered, that is, the neglect or failure of the clerk to make a proper entry of the judgment, or his defective or inaccurate entry of it, at least in the absence of statute to the contrary, will not deprive it of the force of a judicial decision. The enforcement of a judgment does not depend on its entry, or docketing, ...; and, as discussed in Executions § 9 if the judgment has been duly rendered, a valid execution generally may be issued and levied, without either entry or docketing of the judgment, unless specially required by statute.

*　　*　　*　　*　　*　　*

In the entry or record of a judgment, a clerical error, misdescription, irregularity, omission, or other defect not going to the jurisdiction of the court will not vitiate the judgment or give it an effect which it would not have had if correctly entered[97] provided there is enough in the entry or record to constitute a judgment.

\* \* \* \* \* \*

As a general rule, entry of a judgment must be made in the judgment book, journal, or other designated book of record, in accordance with the statutory provisions in that respect. Where the clerk is directed by law to keep certain books for the entry of judgments, or to record judgments in a book specially designated by statute for that purpose, or to enter different kinds of judgments or decrees in different books, and deviates from the course prescribed, the validity and operation of the judgment are not impaired thereby as between the parties, although it may be otherwise as to third persons who are misled, or who fail to receive the notice which a proper entry would have afforded them, and ... entry in the wrong book may prevent the judgment from becoming a lien.

[97]Pa.—*Coral Gables v. Kerl,* 6 A.2d 275, 334 Pa. 441, 122 A.L.R. 903—*Casey Heat Service Co. v. Klein,* Com.Pl., 46 Lack.Jur. 257.

49 C.J.S. Judgments, §§ 106, 107 & 109 n. 97.

As referred to in C.J.S., supra, the obligatory aspects remain the onus of the party seeking to have an instrument recorded by seeing to it that "it is both properly recorded and properly indexed \* \* \* entered." *Commonwealth v. Roberts,* 392 Pa. 572, 586–87, 141 A.2d 393, 400 (1958). Accord *Jaczyszyn v. Paslawski,* 147 Pa.Super. 97, 101, 24 A.2d 116, 118 (1942). Thus, any cases holding to the contrary would be considered to be not reflective of the present day approach to the issue at hand. See cases cited by the appellee in its brief to us at page 7.[4]

**4.** *Albright v. Lehigh Coal & Navigation Co.,* 203 Pa. 65, 52 A. 33 (1902); *Cake v. Cake,* 156 Pa. 47, 26 A. 781 (1893); *Ihmsen v. Monongahela Navigation Company,* 27 Pa. 267 (1856).

This, of necessity, renders nugatory the lower court's reliance upon the phrase out of *Holliday v. Foster,* 221 Pa.Super. 388, 292 A.2d 438 (1972) that a defendant, by filing a praecipe in accordance with Rule 1037(a), can "automatically obtain a judgment of non pros." 221 Pa.Super. at 390, 292 A.2d at 439. We would point out that in *Holliday,* the word "automatic", read in context, was not meant to be interpreted with regard to the speed with which a judgment of non pros is to be *entered* in the judgment docket (or, as in this case, the Appearance Docket) by the prothonotary.[5] Rather, it relates to the dispensation of the need of having to obtain an order of court to secure the granting of a judgment of non pros by the prothonotary. See 49 C.J.S. Judgments, § 108 at 232–33 ("... the clerk is authorized, and it is his ministerial duty, to enter on the record all judgments rendered by the court, and certain judgments authorized by statute in specified cases where judicial action is not necessary, such as judgments by confession, default, consent, offer, or admission...." (Footnote omitted)). Accord 46 Am.Jur.2d, Judgments, §§ 54, 157.

However, the caveat to the onus being placed on the party seeking to have an instrument recorded arises, and the validity and operation of the judgment are not impaired thereby, as between the parties. See *Coral Gables, Inc. v. Kerl,* 334 Pa. 441, 444, 6 A.2d 275, 277 (1939); 49 C.J.S. Judgments, §§ 110, 126; 10 P.L.E. Courts, § 43 at 57–58; 46 Am.Jur.2d, Judgments, § 158 at 417.

■ Accordingly, under settled law, an omission on the part of the prothonotary in delaying in *entering* the praecipe for judgment of non pros by "spreading it on the

5. The former law on the matter did make reference to the instrument to be filed to be "forthwith" indexed by the prothonotary. See Act of April 22, 1856, P.L. 532, § 3, 17 P.S. § 1922 (repealed). The present law on the subject is dispersed, according to the dispositional table preceding the Judiciary Act Repealer Act in volume 42 of Purdon's, throughout 42 Pa.C.S. §§ 2737, 4301, 4302 and, especially as is relevant here, 4303. In none of the cited sections is there any mention of the language hereinbefore referred to in prior Section 1922.

record", albeit the obligation of the petitioner to monitor, is vitiated so as not to impair the relationship of the parties (G.C. Murphy Company and the appellant) to each other, in a legal sense. Therefore, G.C. Murphy Company's praecipe being prior in time to the appellant's complaint, the lower court properly struck it as violative of Rule 1037(a).

■ Alternatively, we wish to add that the appellant's *unexplained* delay [6] in waiting five and one-half years to file the complaint would be reason enough, notwithstanding the time sequence in which the praecipe and complaint were presented for the entry and filing, respectively, to the prothonotary, to deny him relief. See *Nath v. St. Clair Memorial Hospital,* 251 Pa.Super. 361, 380 A.2d 820 (1977) (Three years is enough to conclude that the plaintiff did not move with "reasonable promptness" to avoid grant of motion for non pros); see also *Kennedy v. Warminster Township,* 243 Pa.Super. 46, 52 n. 7, 364 A.2d 442, 445 n. 7 (1976); *Holliday,* supra. In other words, the presence of no reasonable excuse for the delay cannot be overcome on the *barren* record that is before us. Thus, the appellant has fallen woefully short of proving that he is entitled to the relief requested. Compare *Iole v. Western Auto Supply Co.,* 352 Pa.Super. 528, 508 A.2d 600 (1986). This default in action afforded the court below with the authority to act as it did. See Pa.R.Civ.P. 1037(c).

Order affirmed.

ROWLEY, J., concurs in the result.

**6.** The tenor of the appellant's brief centered on the timeliness issue, with no mention made as to a(ny) reason(s) for his delay in filing a complaint. Those who stand mute when given the opportunity to speak will not be heard to complain later.