In re Lawrence A. LEVINE, Debtor.

Eugene M. Litman, Eugene M. Litman, Executor of the Estate of H. Raymond Litman, and James W. McCarthy, Movants,

v.

Lawrence A. Levine, Respondent.

Bankruptcy No. 98–6431M.
Motion No. 98–29174–MBM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 30, 1998.

James R. Cooney, Pittsburgh, PA.

Martin M. Scoratow, Pittsburgh, PA.

Stephen Jurman, Moon Township, PA.

Michael J. Baggett, McCann, Garland, Ridall & Burke, Pittsburgh, PA, for Debtor.

### ORDER OF COURT

M. BRUCE McCULLOUGH, Bankruptcy Judge.

 AND NOW, this **30th day of December, 1998**, upon consideration of (a) movants' motion (i) for relief from the automatic stay so that movants may proceed with their pending garnishment action against the above-captioned debtor and National Builders and Acceptance Corporation (NBAC) in the Pennsylvania Court of Common Pleas, Allegheny County (# GD94–15714), and (ii) requesting that this Court abstain from adjudicating issues regarding the ownership of stock in Penn West Associates, Inc. (Penn West), which stock is presently possessed by NBAC, (b) the responses to movants' motion by the instant debtor and NBAC, and (c) the various exhibits attached to the parties' pleadings, including, in particular, the October 13, 1998 Memorandum Opinion and Order of Court by Common Pleas Court Judge Richard G. Zeleznik (Movants' Ex. C); and subsequent to notice and a hearing on December 22, 1998, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court, pursuant to application of the *Rooker–Feldman* doctrine, lacks subject matter jurisdiction to determine whether (a) NBAC possesses a first priority security interest, or any security interest for that matter, in the Penn West stock, or (b) movants pos-

sess an attachment/garnishment lien in the Penn West stock. The *Rooker–Feldman* doctrine operates to preclude this Court from entertaining the aforementioned issues because (a) Judge Zeleznik, in his October 13, 1998 Memorandum Opinion and Order of Court, determined that (i) NBAC does not possess a security interest in the Penn West stock, and (ii) NBAC, as garnishee, must surrender said stock to movants, as garnishors, (b) this Court, in order to grant the relief ultimately sought by NBAC and the debtor (i.e., that NBAC has a first priority security interest in the Penn West stock and movants lack any property interest in said stock), would necessarily have to effectively reverse or void Judge Zeleznik's prior decision, (c) Judge Zeleznik's decision, even though it has yet to be reduced to a formal docketed judgment, is nevertheless an adjudication on the merits of those issues presented before him, and (d) this Court, as well as any other federal court other than the United States Supreme Court, is precluded from disturbing a decision on the merits rendered by a state court regardless of whether said decision has yet been reduced to a formal docketed judgment. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 478, 103 S.Ct. 1303, 1313, 75 L.Ed.2d 206 (1983) (federal court could not disturb a prior state court decision "[a]lthough '*no entry was placed by the Clerk in the file, on a docket, or in a judgment roll* ' "); *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1 (8th Cir.1995) ("*Rooker–Feldman* is broader than claim and issue preclusion because it does not depend on a *final judgment* on the merits"); *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 138 (2nd Cir .1997) (inferior federal courts are barred from reviewing not only final decisions of state courts *but also interlocutory orders of such courts as well* ); *In re Audre, Inc.*, 216 B.R. 19, 28–29 (9th Cir. BAP 1997) (*Rooker–Feldman* doctrine applies even though the judgment was not considered "final" under California law because of a pending appeal).[1]

2. Movants' motion for relief from the automatic stay is **GRANTED** so that the litigation regarding movants' aforementioned garnishment action may proceed to completion in the Pennsylvania state courts, including, *inter alia*, (a) a disposition by Judge Zeleznik of any post-trial motions raised by NBAC or the debtor, (b) a reduction to formal judgment by Judge Zeleznik of his October 13, 1998 decision or any subsequent decision,[2] and (c) any subsequent

---

1. Because the *Rooker–Feldman* doctrine operates to preclude this Court from disturbing the holdings in Judge Zeleznik's October 13, 1998 opinion and order, the Court need not address whether said decision by Judge Zeleznik is "final" such that it must be accorded *res judicata* or collateral estoppel effect in this Court with respect to the issues surrounding NBAC's security interest and movants' garnishment lien.

2. The Court points out that a post-petition reduction to formal judgment of a state court order entered pre-petition does not even constitute a violation of the automatic stay because (a) in Pennsylvania, the mere entry of a judgment upon a state court docket by the state court prothonotary is a purely ministerial act, *see Lansdowne by Lansdowne v. G.C. Murphy*, 358 Pa.Super. 448, 517 A.2d 1318, 1321 (Pa.Super.1986); *Gotwalt v. Dellinger*, 395 Pa.Super. 439, 577 A.2d 623, 625 (Pa.Super.1990), and (b) performance of a purely ministerial act post-petition will not constitute a continuation of a judicial action or proceeding against a debtor in violation of 11 U.S.C. § 362(a). *See, e.g., In re Soares*, 107 F.3d 969, 973–74 (1st Cir.1997); *Chase Manhattan Bank v. Celotex Corporation*, 852 F.Supp. 226, 227 (S.D.N.Y.1994); *In re Knightsbridge Development Co.*, 884 F.2d 145, 148 (4th Cir.1989); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527–28 (2nd Cir.1994); *In re Papatones*, 143 F.3d 623, 626 (1st Cir.1998); *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 86 (1st Cir.1998). Therefore, movants, with respect to Judge Zeleznik's October 13, 1998 decision, could have safely sought and obtained a formal judgment from Judge Zeleznik post-petition without even obtaining stay relief from this Court. That being the case, if movants ultimately succeed on the post-trial motions that NBAC has raised before Judge Zeleznik, it is entirely proper and permissible for movants to receive at that time a formal judgment in their favor, *even absent a grant of stay relief by this Court*. Nevertheless, the Court has granted to movants such stay relief.

appeal of a judgment rendered by Judge Zeleznik. Because the Court, pursuant to the *Rooker–Feldman* doctrine, lacks subject matter jurisdiction over the issues set forth in paragraph 1 herein, movants' request that this Court abstain from resolving said issues shall be **DENIED AS MOOT.**

3. In the event that Judge Zeleznik's October 13, 1998 decision stands as it presently exists, movants possess a property interest in the Penn West stock in the form of either:

(a) a first priority attachment/garnishment lien, at a minimum, which lien (i) would have been perfected as of the date upon which movants served their writ of attachment execution (ie., garnishment writ) upon NBAC (ie., apparently some time in or around April 1997), *see In re J. Robert Pierson, Inc.,* 36 B.R. 853, 854–55 (Bankr.E.D.Pa.1984), *aff'd,* 44 B.R. 556 (E.D.Pa.1984); *Schreiber v. Kellogg,* 194 B.R. 559, 568 (E.D.Pa. 1996), *aff'd in part, rev'd in part,* 124 F.3d 188 (3rd Cir.1997); *In re Boylan,* 65 F.Supp. 105, 108 (E.D.Pa.1946), *aff'd,* 157 F.2d 518 (3rd Cir.1946), and (ii) could not, given the date of said perfection, then be avoided pursuant to either 11 U.S.C. §§ 544(a) or 547(b); or

(b) complete ownership of said stock, at a maximum, given that Judge Zeleznik issued his opinion and order in favor of movants and against NBAC prior to the November 18, 1998 commencement of the above-captioned bankruptcy case; in the event that movants own the entire equitable interest in the stock, then said stock would not constitute property of the instant bankruptcy estate.

However, this Court need not, and thus will not, resolve at this time the precise nature of movants' property interest in the Penn West stock. Instead, the Court will defer resolution of the nature of said property interest until the state court litigation regarding movants' aforementioned garnishment action is completed.

4. Although relief from the automatic stay is granted to movants at this time, such relief is only granted for the sole purpose of completing the state court litigation regarding movants' aforementioned garnishment action. Consequently, even if movants ultimately are successful at the state court level in their garnishment action, they may nevertheless not proceed to execute upon the Penn West stock until they receive, from this Court, further relief from the automatic stay imposed by the instant bankruptcy case.

**IN SUMMARY,** movants' motion for relief from the automatic stay is **GRANTED** for the sole purpose of completing the state court litigation regarding movants' aforementioned garnishment action, and movants' abstention request shall be **DENIED AS MOOT.**