J-A18030-18

2018 PA Super 321

HOWARD L. GLEIT : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
Appellant :
 :
 :
 :
v. :
 :
 :
 :
EMMA KIMAHN NGUYEN A/K/A KIM : No. 3987 EDA 2017
ANH THI NGUYEN A/K/A KIM ANH :
NGUYEN A/K/A EMMA KIM NGUYEN :
A/K/A EMMA K. NGUYEN AND KHUE :
KIM NGUYEN :

Appeal from the Order Entered November 6, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 4892 October Term, 2006

BEFORE:   STABILE, J., STEVENS*, P.J.E., and STRASSBURGER**, J.

OPINION BY STEVENS, P.J.E.:                    **FILED NOVEMBER 30, 2018**

Appellant Howard L. Gleit appeals from the order entered in the Court of Common Pleas of Philadelphia County, which voided and vacated a contempt judgment entered in the amount of $509,000.00 against Appellees Emma Kimahn Nguyen, struck and set aside related writs of execution against them, and determined that the $509,000.00 contempt judgment was satisfied.  We affirm.

The trial court sets forth the facts and procedural history as follows:

Plaintiff Howard Gleit [hereinafter "Plaintiff/Appellant Gleit," "Attorney Gleit," or "Gleit"] appeals from the trial court's November 6, 2017 Order which vacated and voided a contempt judgment entered in the amount of $509,000 against Emma Kimahn Nguyen ("Contemnor Nguyen"), struck and set aside related writs of execution against Contemnor Nguyen and Khue Kim Nguyen  ("Terre Tenant Nguyen"), and determined that the

_____
*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

$509,000 contempt judgment was satisfied. For the reasons set forth herein, the Superior Court should affirm the trial court's Order.

1. [Plaintiff/Appellant's] Underlying Action for Unpaid Legal Services

Plaintiff/Appellant Gleit filed a complaint alleging that Thao Thi Nguyen ("Defendant Nguyen") breached an oral agreement to pay Gleit for legal services and for brokering a real estate deal. Several months later, Gleit filed an amended complaint that joined members of Defendant Nguyen's family, including Contemnor Nguyen, and alleged that they agreed to pay Defendant Nguyen's legal bill. The matter proceeded to a non-jury trial before the Honorable Eugene E. Maier.

On September 20, 2011, Judge Maier entered a finding in favor of Plaintiff/Appellant Gleit in the amount of $57,819.52 plus pre-judgment interest, which totaled $77,734.46 ("Merits judgment"). On November 23, 2011, the trial court entered the merits judgment in the amount of $77,734.46. Contemnor Nguyen filed a timely appeal, which the Superior Court quashed.[1] On January 29, 2015, the $77,734.46 merits judgment was satisfied by payment in full by a third party. ***Id.***

---

[1] ***Gleit v. Nguyen***, 2013 WL 11288889, unpublished memorandum, (Pa.Super. filed Jan. 23, 2013).

---

2. Contemnor Nguyen Did Not Respond to [Plaintiff/Appellant's] Discovery Requests

On November 28, 2011, while Contemnor Nguyen's appeal of the $77,734.46 merits judgment was pending, Plaintiff/Appellant Gleit served the co-defendants of the underlying action with interrogatories and requests for production in aid of execution pursuant to Pennsylvania Rule of Civil Procedure 3117. On February 22, 2012, Gleit filed a motion to compel to answer his discovery requests. Contemnor Nguyen did not respond.

- 2 -

On March 27, 2012 the trial court granted Gleit's motion and ordered each co-defendant to "provide full and complete responses to Gleit's Execution Interrogatories and Request for Production of Documents *without objection* within 10 days, or suffer sanctions." **Gleit v. Nguyen**, **et al**, 3061 EDA 2013 at 2013 at 2 (Pa.Super. 2014) (citing Trial Court Order 3/27/12) (emphasis in original).

Contemnor Nguyen did not comply with the March 27, 2012 Order. On April 23, 2012, Gleit filed his first motion for sanctions. On May 18, 2012, Gleit filed a motion to compel Contemnor Nguyen to attend a deposition. On May 24, 2012, the trial court granted Gleit's motion for sanctions, imposed sanctions in the amount of $750.00 to be paid to Gleit for the "preparation of and appearance of this motion," and ordered Contemnor Nguyen to provide full and complete answers to Gleit's discovery requests without objection. The order further notified Contemnor Nguyen that "an appropriate contempt order shall be imposed . . . upon application to the court if the order is not followed." **Id.** at 3 (citing Trial Court Order, 5/24/12).

On June 7, 2012, Contemnor Nguyen filed a motion for a protective order. On June 12, 2012, Gleit filed a third motion to compel and a second motion for sanctions. On June 20, 2012, the trial court denied these motions without prejudice. On July 10, 2012, the trial court granted Contemnor Nguyen's motion for protective order by staying discovery during the pendency of her appeal. On January 23, 2013, the Superior Court affirmed the $77,734.46 merits judgment. When Contemnor Nguyen did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, Gleit resumed his post-judgment discovery in connection with the merits judgment. **Id**.

3. The Trial Court Imposed Sanctions Against Contemnor Nguyen

On June 14, 2013, Plaintiff/Appellant Gleit filed a third motion for sanctions including a request for civil contempt against Contemnor Nguyen. On August 26, 2013, Judge Maier held a hearing on Gleit's third motion for sanctions. At this hearing, Judge Maier declined to impose the requested sanctions. Instead, he directed Gleit to submit additional questions to

Contemnor Nguyen regarding the various properties that she owned, and directed her to provide complete answers to Gleit's questions within one week of her receipt of Gleit's questions.

Judge Maier further directed Contemnor Nguyen's counsel, Christopher Lombardo, Esq., to act on her behalf to ensure compliance with the trial court's order, and notified Contemnor Nguyen that failure to comply would result in sanctions against her nearing the amount of the $77,734.46 merits judgment. On August 28, 2013, Gleit's counsel submitted discovery requests to Lombardo in the form of a letter. Plaintiff's Brief at 2; *Gleit*, 3061 EDA 2013, at 4.

On September 19, 2013, Judge Maier held a hearing to assess Contemnor Nguyen's compliance with the August 26, 2013 order. Judge Maier determined that Contemnor Nguyen had not responded to Gleit's August 28, 2013 letter, and that she had therefore failed to comply with the August 26, 2013 Order.

Judge Maier declined further extensions and ordered sanctions against Contemnor Nguyen in the amount of $1,000 per day, payable to Gleit, until she complied with the August 26, 2013 Order. During the contempt hearing, Judge Maier stated, "[W]hat I am going to do is issue a sanction and the sanctions will come probably somewhere in the amount of the judgment" in the underlying merits matter. Plaintiff's Brief at 1; *Gleit*, 3061 EDA 2013, at 4.

On October 16, 2013, the trial court granted [Attorney] Lombardo's petition for leave to withdraw his representation of Contemnor Nguyen, which was filed in August 2013. The order granting Lombardo leave to withdraw as Contemnor Nguyen's counsel stated, "[t]he sanctions imposed on [Contemnor Nguyen] continue at $1,000.00 (One Thousand Dollars) per day until the Court Order of August 26, 2013, is complied with. [Contemnor Nguyen] was notified at the September 19, 2013 hearing that no delay of execution [sic] or compliance with the August 26, 2013, Order would be granted. *Gleit*, 3061 EDA 2013, at 5 (citing Trial Court Order, 10/16/2013).

On October 23, 2013, Contemnor Nguyen appealed Judge Maier's October 16, 2013 Order to the Superior Court. On October 24, 2013, Judge Maier entered an order imposing sanctions against Contemnor Nguyen in the amount of $1,000

- 4 -

per day.[2] On November 20, 2014, the Superior Court affirmed Judge Maier's October 24, 2013 Order. *Id.* at 3, 5, 14.

---

[2] The Superior Court corrected the caption of Contemnor Nguyen's October 23, 2013 appeal to reflect that the order she appealed from was Judge Maier's October 24, 2013, order, not his October 16, 2013, order. *Gleit v. Nguyen*, et al, 3061 EDA 2013, n.5 (Pa.Super. 2014).

---

On January 27, 2015, Gleit filed a praecipe for entry of judgment with the Prothonotary based upon Judge Maier's October 24, 2013 Order "at the rate of $1,000 per day from September 5, 2013, to January 26, 2015 (509 days) in the total amount of $509,000.00"  Without a hearing or taking further evidence, and also without a further order by Judge Maier, the Prothonotary entered judgment against Contemnor Nguyen in the amount of $509,000 as the contempt judgment.

4. Contemnor Nguyen Filed For Bankruptcy;  Plaintiff Sought Execution of the Contempt Judgment

On September 29, 2015, Contemnor Nguyen filed a Chapter 13 bankruptcy, which was subsequently converted to a Chapter 7 case.[3]  On July 8, 2016, the United States Bankruptcy Court for the Eastern District of Pennsylvania granted Contemnor Nguyen a discharge under Section 727 of the Bankruptcy Code, 11 U.S.C. § 727.  Under Section 524(a)(1) of the Bankruptcy Code, the discharge had the effect of "void[ing] any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor. . . ."  11 U.S.C. § 524(a)(1).

On July 12, 2017, Gleit filed three separate praecipes to issue writs of execution against the following parcels of real property located in the City of Philadelphia and owned by Contemnor Nguyen:  2631 S. Lloyd Avenue; 5413 Osage Avenue; 6022 Lindbergh Boulevard; 6408 Buist Avenue; and 2634 South Berbo Street.  Gleit also filed a writ of execution against 901 S. 13th Street, which is a parcel of real property owned by Terre Tenant Nguyen.[4]  Gleit scheduled a sheriff's sale of the six properties for October 3, 2017.

---

<sup></sup>

3 **In re: Emma Kimahn Nguyen**, ED Pa. Bk# 15-17005-elf.

4 On or around January 27, 2015, when Attorney Gleit filed his praecipe to enter judgment for $509,000, the 901 South 13th Street property was owned by "Emma Kimahn Nguyen and Khue Kim Nguyen," by deed dated September 4, 2007, wherein Contemnor Nguyen granted title to herself and Terre Tenant Nguyen. Prior to September 4, 2007, the 901 South 13th Street property was owned by Contemnor Nguyen who took title on August 17, 2006 from Greystone Holdings, LLC. Contemnor Nguyen subsequently quitclaimed her interest in this property by quitclaim deed, dated August 2, 2016, thereby leaving title to Terre Tenant Nguyen.

5. Contemnor Nguyen Moved to Stay Execution of the Contempt Judgment

On or about October 1, 2017, Contemnor Nguyen filed an emergency petition to stay sheriff's sale. On October 2, 2017, Terre Tenant Nguyen filed an emergency application for leave to intervene pursuant to Pennsylvania Rule of Civil Procedure 2328, as well as a motion to stay sheriff's sale. On October 2, 2017, the trial court entered an order postponing the sheriff's sale from October 3, 2017 to November 7, 2017.

On October 23, 2017, the trial court held a hearing on both motions to stay execution of the sheriff's sale. Following a second hearing on November 6, 2017, the trial court issued an order that vacated and voided the $509,000 contempt judgment against Contemnor Nguyen, struck and set aside the writs of execution against Contemnor and Terre Tenant Nguyen, and determined that the 509,000 contempt judgment was satisfied. Gleit filed this timely appeal of the trial court's November 6, 2017 Order.

Trial Court Opinion, filed 2/21/18, at 1-6.

In Attorney Gleit's appellate brief, he delineates twelve issues that coalesce to assert the trial court erred in staying execution of judgment and

then striking the writs of execution upon concluding the prothonotary lacked authority to issue them. According to Gleit, the $509,000.00 amount due and owing him was clear from the face of the instrument, thus making the prothonotary's entry of judgment a ministerial act permitted under Pennsylvania Rules of Civil Procedure 3021(a)(1).[1]

Our standard of review is well settled:

> "The grant of a stay of execution is within the sound discretion of the trial court and its decision will not be disturbed absent a clear abuse of that discretion." ***In Re Upset Sale, Tax Claim Bureau of Berks County***, 505 Pa. 327, 339, 479 A.2d 940, 946 (1984); ***Kronz v. Kronz***, 393 Pa.Super. 227, 574 A.2d 91, 94 (1990). A

---

[1] **Rule 3021**. **Verdict. Order. Judgment. Entry in Judgment Index**, provides in pertinent part:

(a) The prothonotary shall immediately enter in the judgment index

(1) A verdict or order for a specific sum of money with the notation "verdict" or "order". The entry shall state the amount of the verdict or order;

. . .

(3) a judgment, whether entered by the court, on order of court or on praecipe of a party. The entry shall state the amount of the judgment if for a sum certain.

Note: . . . The rule presumes a channel of communication between the court and the prothonotary so that the prothonotary may "immediately" docket a judgment entered by the court.

Pa.R.C.P. 3021(a)(1), (3).

court, in exercising this power, should not stay an execution unless the facts warrant an exercise of judicial discretion. **_Kronz_**, **_supra_**. Appellate review of equitable matters is limited to a determination of whether the trial court committed an error of law or abused its discretion. **_Marra v. Stocker_**, 532 Pa. 187, 192, 615 A.2d 326, 328 (1992) (citing **_Sack v. Feinman_**, 489 Pa. 152, 413 A.2d 1059 (1980)).

**_Keller v. Re/Max Ctr. Realty_**, 719 A.2d 369, 371 (Pa. Super. Ct. 1998).

Contemnor/Appellee Nguyen responds that the Rules did not confer authority upon the prothonotary to enter judgment under the present circumstances. Decisional law recognizes that a prothonotary may engage only in the purely ministerial or clerical act of entering a judgment rendered by the court on the record, as a prothonotary possesses no judicial powers, Contemnor Nguyen argues. Here, the court had not rendered a judgment on the merits with respect to Nguyen's alleged contempt but had, instead, only issued a prospective order of contempt for every day Nguyen failed to satisfy the $77,734.46 judgment for legal expenses owed to Attorney Gleit.

Nguyen cites this Court's decision in **_Newsome v. Braswell_**, 406 A.2d 347 (Pa.Super. 1979) as instructive in the present case. In **_Newsome_**, the trial court granted plaintiff's discovery motion to compel defendant to produce a receipt in question, and it gave defendant 30 days to comply. Failure to comply, the court continued, would result in the entry of a judgment of default in plaintiff's favor and against defendant upon praecipe of plaintiff.

The defendant failed to comply, prompting the plaintiff to praecipe the prothonotary. Consequently, the prothonotary filed default judgment against defendant.

The defendant appealed, challenging the authority of the prothonotary to enter judgment. We reversed, holding that controlling authority[2] confers the power to enter a default judgment only upon the court, not the prothonotary:

> The fact that the court directs the clerk to make the entry does not change the rule that he is strictly confined to the limitations of the statute, since the court's direction in such case adds nothing to the clerk's powers and duties in the matter.

*Id.* at 350. *See also Gonzales v. Procaccio Bros.*, 407 A.2d 1338 (Pa.Super. 1979) (trial court erred in devising local civil rule delegating power to prothonotary to enter judgment upon praecipe of adverse party if responses to discovery were untimely).

Analogously, Nguyen maintains, the trial court here had entered a daily fine against her tied to a condition allowing her to purge the contempt. The court's order never directed the prothonotary to enter judgment, nor did the

_____

[2] *Newsome* involved application of Pa.R.C.P. 4019, *Sanctions*, for a party's willfully disobeying a Rule 4009 discovery order. Rule 4019, we held, provides the court with exclusive authority to grant a default as a sanction. We further limited the reach of our decision "to sanctions imposed for violating a Rule 4009 order to produce documents." *Id.* at 350 n 2.

We acknowledge, however, that Appellee Nguyen cites to *Newsome* for the general proposition that the authority granted by statute or rule to a prothonotary to enter judgments without judicial participation is limited strictly to the scope of power confined by the statute or rule.

court ever determine Nguyen was, in fact, in contempt for 509 days. Therefore, the prothonotary undertook the unauthorized judicial act of determining she was liable for $509,000.00, Nguyen argues.

For its part, the trial court provides its reasons for both staying and striking the writs of execution, as follows:

> Here, in staying the execution proceedings initiated by [Attorney Gleit] related to the contempt judgment, the trial court balanced the rights of Gleit and Contemnor Nguyen and Terre Tenant Nguyen. In doing so, it determined that Gleit's right to relief in the underlying matter, *i.e.*, the $77,734.46 merits judgment related to Defendant Nguyen's failure to pay Gleit for legal services, was satisfied on January 29, 2015, when Gleit received $77,734.46 from a third-party.
>
> The trial court also determined that execution of the $509,000.00 contempt judgment would work an unnecessary hardship upon Contemnor Nguyen and Terre Tenant Nguyen because (1) the underlying $77,734.46 merits judgment was fully satisfied, and (2) the primary purpose of Judge Maier's sanction order—to compel Contemnor Nguyen to answer Gleit's discovery requests so as to help Plaintiff satisfy the $77,734.46 merits judgment— was fulfilled because Gleit concedes that the merits judgment was fully satisfied. For these reasons, the trial court properly stayed execution of the writs pursuant to Rule 3021(b)(2).
>
> . . .
>
> [Also], the trial court properly struck and set aside Gleit's writs of execution related to the contempt judgment because Attorney Gleit did not secure a valid judgment before he attempted to execute on the six properties owned by Contemnor Nguyen and Terre Tenant Nguyen. . . . Thus, no judgment was secured by Gleit against Contemnor Nguyen, and the trial court properly struck Gleit's writs of execution under [**Forest Highlands Community Ass'n v. Hammer**, 903 A.2d 1236 (Pa.Super. 2006) (court may properly strike writ of execution where "no judgment was secured [by the plaintiff] in advance of attempting to execute its lien.")]. Alternatively, and for similar reasons, the trial court

properly set aside the writs of execution pursuant to [Pa.R.C.P.] 3121(d)(3),[3] *i.e.*, Gleit failed to obtain a valid judgment against Contemnor Nguyen.

. . .

The trial court properly vacated and voided the $509,000 contempt judgment. . . . A judgment "is the remedy prescribed by law for the redress of injuries. . . ." ***In re Sedgeley Avenue***, 88 Pa. 509, 513 (Pa. 1879). . . . Simply indexing an order as a judgment "cannot turn that which is not a judgment into a judgment." ***Watkins v. Neff***, 134 A. 625 (Pa. 1926).

The entry of a judgment by the prothonotary "is a ministerial or clerical act, required to be done by the clerk of the court, . . . and consists of placing a judgment previously rendered on the record, by which enduring evidence of the judicial act is afforded . . . ." ***Lansdowne By Lansdowne v. G.C. Murphy, Co.***, 517 A.2d 1318, 1321 (Pa.Super. 1986). The prothonotary's authority to enter a judgment is generally confined "to the circumstances spelled out by the statute or rule." ***Thompson v. Cortese***, 398 A.2d 1079, 1081 (Pa.Cmwlth. 1979)[4]; ***see also*** Pa.R.C.P. 3021(a)(1)-(3) [*supra*]. Where a prothonotary enters a judgment outside the bounds of its authority, "the judgment so entered 'is a nullity and without legal effect.'" [***Newsome***, ***supra***.]

---

[3] Pennsylvania Rule of Civil Procedure 3121(d) provides:

The court may on application of any party in interest set aside the writ, service or levy (1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution, or (3) upon any other legal or equitable ground therefor."

Pa.R.C.P. 3121(d)(1)-(3).

[4] ***See also Commonwealth v. Abdul Salaam***, 996 A.2d 482, 487 (2010) (citing ***Thompson*** for proposition that "if court has not specifically adjudicated rights of parties or directed prothonotary to enter judgment, prothonotary's authority to enter judgment must have express basis in statute or rule of court, and authority is confined to circumstances spelled out by statute or rule").

No statute or rule authorizes the prothonotary to reduce an order to a judgment based upon a prothonotary's own assessment of damages.[5]

. . .

Here, the trial court properly vacated and voided the $509,000 contempt judgment because the contempt judgment was invalid[, . . . as] the final adjudication of Contemnor Nguyen's liability to Attorney Geit under Judge Maier's sanction order had not occurred. In other words, there was no evidence of record to support whether Contemnor Nguyen remained in contempt, whether she purged herself of the contempt order, whether the purpose of the contempt order remained, and/or for how many days she was in contempt of Judge Maier's order.

. . .

[Finally,] the trial court properly determined that the $509,000 contempt judgment was satisfied. . . . "[T]he purpose of a civil contempt order is to coerce the contemnor to comply with a court order." *Orefield v. Weidel*, 52 A.3d 275, 279 (Pa.Super. 2012). Further, "[i]n civil contempt, the contemnor is able to purge himself of the contempt . . . that is, he may relieve himself of the sanction by complying with the court order." *Gunther v. Bolus*, 853 A.2d 1014, 1018 (Pa.Super. 2004).

Here the Superior Court determined that Judge Maier found Contemnor Nguyen in civil contempt and issued a civil contempt order that was for the benefit of Attorney Gleit in executing upon the $77,734.46 merits judgment in the underlying matter:

> In the instant case, the discovery sought was in aid of execution of a judgment against [Contemnor Nguyen]. The trial court found [Contemnor Nguyen] 'failed to comply' with a court order and directed [her] to pay [Attorney Gleit]. . . . Therefore, the proceedings were undertaken to enforce compliance

---

[5] The trial court notes, however, Pa.R.C.P. 1037 allows a prothonotary to assess damages, but the rule applies only where a defendant fails to file, within the required time, a pleading to a complaint which contains a notice to defend. That is not the situation at bar.

> with discovery orders for [Gleit's] benefit in executing a final judgment. . . . [Contemnor Nguyen] may also relieve herself of the sanction imposed by complying with the order to respond to the requested discovery, and thus purge the contempt.

***Gleit***, 3061 EDA 2013, at 9.

. . .

> In other words, the primary purpose of Judge Maier's contempt order was to assist Attorney Gleit in recovering $77,734.46, the merits judgment from the underlying action for unpaid legal services. Indeed, this purpose is clear because Judge Maier state[d] that "what I am going to do is issue a sanction and the sanctions will come probably somewhere in the amount of the judgment" in the underlying merits matter. Because the primary purpose of Judge Maier's October 24, 2013 order was fulfilled, the trial court properly determined that the $509.000 contempt judgment was satisfied.

Trial Court Opinion, at 6-7, 8-10, 11-13.

Our review of the record, party briefs, and pertinent authority confirms that the trial court's opinion comprehensively discusses and properly disposes of all questions presented. Specifically, we agree with the court's observation that without an underlying judicial determination that Nguyen was in noncompliance with Judge Maier's contempt order for a specified number of days there was no "judgment" for the prothonotary to enter in the judgment index pursuant to Rule 3021. Rule 3021 sets forth the circumstances under which a prothonotary may perform the ministerial act of indexing a judgment, and nothing in the rule confers upon the prothonotary the power to assess liability and enter judgment on praecipe of a party where the court has not first specifically granted or denied relief on the matter in question.

Moreover, we discern no abuse of discretion in the trial court's determination that the primary purpose of Judge Maier's contempt order was to motivate Contemnor Nguyen to provide discovery that would enable Attorney Gleit to collect on the underlying judgment for $77,734.46 for legal services rendered. Excerpts taken from Judge Maier's comments during the contempt hearing reveal he viewed the prospective contempt payments as providing an alternate means by which to secure the underlying judgment amount of $77,734.46 for Attorney Gleit, an amount Attorney Gleit eventually received. We also understand the trial court's decision in this respect as reasonably grounded in equitable considerations that Attorney Gleit not receive an inexplicable windfall of $509,000.00 on an underlying matter involving considerably less money.

Accordingly, finding no abuse of discretion in the court's orders voiding and vacating the contempt judgment and striking and setting aside the writs of execution against Contemnor Nguyen and Terre Tenant Nguyen, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/18

- 14 -