J-A24036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H&H MANUFACTURING COMPANY, INC., AND VINCENT TOMEI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1982 EDA 2020 |
| THOMAS R. TOMEI, JEANETTE M. TOMEI, JAMES F. FLANDREAU, ESQUIRE, EXECUTOR AD LITEM FOR THE ESTATE OF MARIE L. TOMEI | : | |

Appeal from the Order Entered October 14, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. CV-2013-005775

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED NOVEMBER 12, 2021**

H&H Manufacturing Company, Inc. and Vincent Tomei appeal from the order entered in the Court of Common Pleas of Delaware County (trial court) denying their petition to strike that portion of judgment entered by the Prothonotary of Delaware County that entered a judgment against them, in addition to the $34,224.58 the trial court entered after a bench trial, and the additional amount $1,373,524.49 in attorneys' fees and costs based solely on the affidavit of Thomas R. and Jeanette M. Tomei.  They argue that the judgment for attorneys' fees and costs is void *ab initio* because the

---

* Retired Senior Judge assigned to the Superior Court.

prothonotary exceeded its authority where the trial court had not entered a sum certain and there were no legal grounds for them. We vacate and remand.

The parties do not dispute the factual background of the underlying litigation. The trial court agrees that there was no authority for the award of counsel fees in this matter, what is at issue is whether we can reach the propriety of the $1,373,524.49 in attorneys' fees and costs entered by the prothonotary which was never approved by the courts.

Because we can reach the issue and hold that the judgment entered of $1,373,524.49 in attorneys' fees and costs was void *ab initio*, we vacate and remand.

**I.**

**A.**

This appeal flows out of a dispute over the ownership and management of H&H Manufacturing Company, Inc. (H&H). Appellant Vincent Tomei is the father of Appellee Thomas R. Tomei and father-in-law of Appellee Jeanette M. Tomei. Vincent Tomei is a long-time owner, director and officer of H&H and has been involved with the management of H&H since December 31, 1969. Vincent hired his son, Thomas, as an employee of H&H and Thomas later became the president of H&H. However, on June 3, 2013, the board of directors of H&H terminated Thomas as the president of H&H. This litigation

- 2 -

over ownership of the company and individual claims by Thomas and Vincent ensued. As we have previously explained, this litigation began when:

> [H&H and Vincent] instituted the current action on June 11, 2013, by filing a writ of summons. Within [their] third amended complaint, [they] levied 12 claims against [Thomas and Jeanette Tomei]. Thomas Tomei filed a responsive pleading to the complaint that contained various counterclaims against Vincent Tomei, including counterclaims for conversion and breach of contract.[1] Jeanette Tomei filed a separate answer to [the] complaint and denied liability.
>
> The case proceeded to an eight-day bench trial and, on November 30, 2017, the trial court entered its findings of fact, conclusions of law, and decision in the matter. Specifically, the trial court found in favor of [Thomas and Jeanette] and against [H&H and Vincent], on all of [H&H and Vincent's] claims against [them]; in favor of Thomas Tomei and against Vincent Tomei, on Thomas Tomei's counterclaim for conversion, in the amount of $34,224.58; and, in favor of Thomas Tomei and against Vincent Tomei, on Thomas Tomei's counterclaim for breach of contract, in an unspecified amount. Trial Court Decision, 11/30/17, at 1-3).

(**H&H Manufacturing Co. v. Tomei**, 2019 WL 2226096, unpublished memorandum, at *1 (Pa. Super. filed May 22, 2019), *appeal denied*, 224 A.3d 1263 (Pa. 2020)) (most record citations omitted).

Regarding the entry of judgment on the verdict, the trial court's decision provided as follows:

---

[1] Thomas claimed that Vincent breached a 2004 Employment Agreement by attempting to alter his position as H&H president without cause and notice pursuant to the Employment Agreement's terms. (Thomas's Answer, New Matter, and Counterclaim, 6/15/16, at 40, Paragraphs 214-19).

4. Pursuant to Pa.R.C.P. 227.4[2], the Officer of Judicial Support shall enter judgment in favor of Defendant, Thomas R. Tomei, and against Plaintiff, Vincent H. Tomei, on Defendant [sic] claim for conversion in the amount of Thirty Four Thousand Two Hundred Twenty Four Dollars and Fifty Eight Cents ($34,224.58), upon *praecipe* if post-trial motions are not filed within ten (10) days of the date of entry of this Decision or if post-trial motions are filed and the Court does not enter a dispositive order within one hundred twenty (120) days;

\* \* \*

8. Pursuant to Pa.R.C.P. 227.4, the Officer of Judicial Support shall enter judgment in favor of Defendant, Thomas Tomei, and against Plaintiff, Vincent Tomei, on Thomas Tomei's claim for breach of contract, plus costs and fees, upon praecipe if post-trial motions are not filed within ten (10) days of the date of entry of this

---

[2] Pa. R. C.P. § 227.4 provides:

In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party and except as otherwise provided by Rule 1042.72(e)(3), the prothonotary shall, upon praecipe of a party:

(1) enter judgment upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if

(a) no timely post-trial motion is filed; or

(b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration;

(2) enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so.

Pa.R.C.P. 227.4.

Decision or if post-trial motions are filed and the Court does not enter a dispositive order within one hundred twenty (120) days[.]

(Trial Court Decision, at 2, Paragraphs 4, 8).

On April 23, 2018, Thomas and Jeanette filed a *praecipe* for judgment for $1,407,749.07, which represented $34,224.58 on the conversion claim and $1,373,524.49 in attorneys' fees and costs they alleged they were due for the breach of contract claim. They attached counsel's affidavit to the *praecipe*, which also characterized the total fees and costs as $1,373,524.49, averring that costs account for $83,110.39 of the total amount. The affidavit did not itemize the costs and fees or allege that they were reasonable. (**See** *Praecipe* to Enter Judgment, at Exhibit B); (**see also H&H Manufacturing**, **supra** at *2).

H&H and Vincent filed (1) a Motion to Strike the *Praecipe* to Enter Judgment on the basis that it lacked legal grounds, and (2) a contemporaneous notice of appeal that was docketed at 1196 EDA 2018 (First Appeal). Although the trial court issued a Rule 1925(b) order on April 30, 2018, it was not docketed until May 22, 2018. (**See** Trial Court Opinion (1196 EDA 2018), 7/20/18, at 5 n.3). Importantly, H&H and Vincent timely filed a Rule 1925(b) statement that was not docketed. (**See id.** at 5 n.4).

In responding to the Rule 1925(b) statement, the trial court's July 20, 2018 Rule 1925(a) opinion stated, in pertinent part, that although it was unable to disturb the judgment since H&H and Vincent had filed the notice of appeal, thus depriving it of jurisdiction:

[it was] in agreement with Appellants that there was no legal authority for the entrance of attorney's fees [and] the trial court would respectfully request that the Superior Court remand … for a hearing to be held to determine the reasonableness, accuracy, and appropriateness of Appellants claimed attorney's fees.

(*Id.* at 1-2).

In their appellate brief, H&H and Vincent argued that:

the April 23, 2018 Judgment entered by Praecipe should be stricken because there was no legal authority for the entrance of an attorney's fee award under the Trial Court's Decision or and the Trial Court agreed with the same in its 1925 Opinion.

(H&H and Vincent's Brief (1196 EDA 2018), at 8).

**B.**

In our May 22, 2018 opinion, we held that the issues concerning the propriety of the prothonotary's judgment order were waived because, according to the trial court docket, H&H and Vincent had failed to file post-trial motions and a court-ordered Rule 1925(b) statement. In that appeal, we did not address the merits and did not acknowledge that the trial court agreed that the Tomeis had not established a legal right to fees or its request that this Court remand for a hearing on the reasonableness, accuracy and appropriateness of Appellants' claimed attorneys' fees. (*See H&H Manufacturing*, *supra* at *3, *5.

Immediately thereafter, H&H and Vincent filed a motion to correct the trial court docket to reflect that their post-trial motions and Rule 1925(b) statement had been properly filed. On May 31, 2019, after a hearing, the trial court issued an order directing the Office of Judicial Support to correct the

- 6 -

docket and forward copies of it to this Court. (Application for Reargument Seeking Panel Reconsideration Only (1196 EDA 2018), 6/05/19, at Exhibit F, Order, 5/31/19).

H&H and Vincent then moved for reconsideration of this Court's May 22, 2019 decision, arguing that "this Court's Memorandum Opinion affirmed the trial court's judgment based upon a mistake for which the trial court's Office of Judicial Support bears original responsibility." (*Id.* at 6). Thomas and Jeanette responded that H&H and Vincent were at fault because they filed the documents under seal, should have known of the docketing issue based on the trial court's Rule 1925(a) opinion, and, in any event, they were responsible for ensuring the certified record on appeal was accurate. Without explanation, we denied reconsideration and the Pennsylvania Supreme Court denied H&H and Vincent's petition for allowance of appeal. (*See H&H Manufacturing Company, Inc.*, *supra*).

## C.

After the record was remanded, the trial court held an argument on H&H and Vincent's previously filed April 23, 2019 Motion to Strike Defendant's *Praecipe* for Judgment. On June 16, 2020, after reviewing the appellate orders previously entered in this case, it issued an order denying the motion, concluding that it lacked the authority to disturb a judgment that had been affirmed by this Court. (*See* Order (1267 EDA 2020), 6/16/20, at 1); (Trial Court Opinion (1267 EDA 2020), 8/27/20, at 5).

H&H and Vincent appealed at docket number 1267 EDA 2020 (Second Appeal). Thomas and Jeanette immediately filed a motion to quash the Second Appeal before briefs were filed, arguing that the June 16, 2020 order was not a final, appealable order and that, in any event, the law of the case doctrine precluded this Court from revisiting issues raised in the First Appeal. (*See* Application to Quash (1267 EDA 2020), 7/22/20, at 11, 14). H&H and Vincent responded that quashing was not appropriate because (1) the appealed-from order was final and appealable; (2) the law of the case doctrine did not apply because this Court never reached the merits of the issue in the First Appeal; and (3) a party may challenge a judgment as void *ab initio* at any time. (*See* Answer to Application to Quash (1267 EDA 2020), 8/05/20, at 5) (pagination provided). This Court entered a *per curiam* order granting the application to quash without explanation. However, the Court also denied an application to enforce judgment filed by Thomas and Jeanette without prejudice to seek relief in the trial court. (*See* Order (1267 EDA 2020), 10/08/20). Thomas and Jeanette have renewed their motion in the instant appeal (1982 EDA 2020). On November 23, 2020, this Court denied the renewed motion without prejudice to seek relief with the merits panel. (*See* Order (1267 EDA 2020), 10/08/20).

**D.**

Meanwhile, on July 29, 2020, H&H and Vincent filed the motion that forms the basis of this appeal:  the Emergency Motion to Strike the Judgment as Void *ab initio*.  They argued that, because

> the Prothonotary's role is ministerial [and] it is not equipped to assess the substantive sufficiency of any filing[, it lacked the authority to enter] a judgment that included fees that Plaintiff had never seen and the court had never reviewed or approved[, resulting] in a judgment that is void *ab initio* and can be challenged and stricken at any time[,] … [even] after a trial court has previously denied a petition to open or strike the same judgment.

(**See** Emergency Motion to Strike the Judgment as Void *Ab Initio*, 7/29/20, at 1-2) (citing cases) (pagination provided; unnecessary capitalization omitted).

After conducting argument on August 12, 2020, the court denied the motion on October 14, 2020, on the basis "that it lacks jurisdiction to strike a judgment which has previously been challenged by the Appellants and affirmed by the Superior Court."  (Trial Court Opinion, 12/02/20, at 4); (**see also** Order, 10/14/20).  H&H and Vincent timely appealed at docket number 1982 EDA 2020 (Third Appeal).  They and the trial court have complied with Rule 1925.  **See** Pa.R.A.P. 1925.

**E.**

Immediately thereafter, Thomas and Jeanette filed an application to quash this appeal, arguing that the October 14, 2020 order is not appealable and that the law of the case doctrine precludes disturbing this Court's prior rulings.  (**See** Application to Quash, 12/08/20, at 15-19).  In response, H&H

and Vincent denied that the order is unappealable and argued that a judgment entered outside the scope of the prothonotary's authority is a legal nullity and void *ab initio*, which is not subject to waiver and can be challenged at any time, even after a court previously denied a petition to strike or open. (**See** Answer to Application to Quash, 12/21/20, at 2-4, Paragraphs 4, 9) (citing cases) (pagination provided). On April 15, 2021, this Court denied the Application to Quash on the bases that:

> (1) the appeal is not subject to quashal for want of appellate jurisdiction, **see** Pa.R.A.P. 341(b)(1), Pa.R.A.P. 311(a)(1);
>
> (2) the appeal is not subject to quashal based upon the law-of-the-case doctrine since Appellants' motion to strike the judgment as void *ab initio* because its entry exceeded the prothonotary's authority, as opposed to their prior motion to strike Appellees' praecipe for entry of judgment because it was based upon an error of law, has not been entertained previously by this Court or waived by Appellants. **See, e.g.**, **Heart Care Consultants, LLC v. Albataineh**, 239 A.3d 126, 131 (Pa. Super. 2020) (explaining that the law of the case doctrine applies only where an issue was ruled upon in a prior appeal and the subsequent challenge involves the same motion and procedural posture); **Sharpe v. McQuiller**, 206 A.3d 1179, 1184 (Pa. Super. 2019) ("Void judgments are subject to attack at any time, and can even be challenged for the first time in an appellate court. ").

(*Per Curiam* Order, 4/15/21).

This matter is now ripe for our review.

## II.

## A.

Before reaching H&H and Vincent's argument on appeal challenging the denial of their Emergency Motion to Strike the Judgment, we must consider

whether the appeal is properly before us. Thomas and Jeanette maintain that this Court's May 22, 2019 decision affirming the judgment is the law of the case and, therefore, the trial court and this Court do not have jurisdiction to decide the emergency motion. (**See** Thomas and Jeanette's Brief, at 29). They also contend that the appeal is procedurally improper because, when read together, Pennsylvania Rules of Appellate Procedure 311,[3] 313[4] and 2591(a),[5] "do not allow for the serial reconsideration of issues already adjudicated by the appellate court." (**Id.** at 38). H&H and Vincent reply that this Court ordered that these issues lack merit in our April 15, 2021 order denying the application to quash and that order is the law of the case. (**See** H&H and Vincent's Reply Brief, at 3).

**B.**

"[T]he 'law of the case' doctrine … refers to a family of rules which embody the concept that **a court involved in the later phases of a**

---

[3] Rule 311 provides, in pertinent part: "An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from … [a]n order refusing to open, vacate, or strike off a judgment." Pa.R.A.P. 311(a)(1).

[4] Rule 313 states that, in general, "[a]n appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a).

[5] Pursuant to Rule 2591(a), "On remand of the record the court or other government unit below shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals generally) shall no longer be applicable to the matter." Pa.R.A.P. 2591(a).

**litigated matter should not reopen questions decided by another judge of that same court** or by a higher court in the earlier phases of the matter." ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (citation omitted; emphasis added). Pursuant to the coordinate jurisdiction rule, another component of law-of-the-case doctrine, "judges of coordinate jurisdiction sitting in the same case **should not overrule each other's decisions**." ***Riccio v. Am. Republic Ins. Co.***, 705 A.2d 422, 425 (Pa. 1997) (emphasis added).

In this case, in their application to quash this appeal, Thomas and Jeanette made the precise arguments that they offer here: quashal was appropriate because this Court's prior decisions affirming the judgment were the law of the case, and the appeal was procedurally improper because, when reading Rules 311, 313 and 2951(a) together, the trial court (and this Court) do not have the jurisdiction to "re-hash the merits of the case." (Application to Quash, at 16); (Thomas and Jeanette's Brief, at 29-39).[6] The application

_____

[6] Thomas and Jeanette also maintained in their Application to Quash that the appeal should be stricken because H&H and Vincent had not yet filed their docketing statement, an argument they repeat here, slightly amending their claim to contend that, because the statement was filed one month after the notice of appeal, the appeal should be quashed. (**See** Application to Quash, at 17); (Thomas and Jeanette's Brief, at 40). This Court did not address this specific argument in its April 15, 2021 order denying the application, but we do not find it persuasive. The failure to file a timely docketing statement may result in an appeal's dismissal. **See** Pa.R.A.P. 3517. However, it does not appear that the untimely filing interfered with the court's efficient and
*(Footnote Continued Next Page)*

was fully briefed by both parties and, in this Court's *per curiam* order denying Thomas and Jeanette's requested relief, we addressed the arguments, finding that the appeal is not subject to quashal for want of appellate jurisdiction and is not barred by the law of the case doctrine because in the previous two appeals, the issue was whether the **praecipe** was improper due to the lack of legal support offered for it at trial to award attorneys' fees, which is a different question than raised here: whether the later **judgment** should have been stricken as void *ab initio* based on a defect on the face of the record; *i.e.*, the prothonotary's lack of authority to enter a judgment for an amount not found and ordered by the trial court. (**See** *Per Curiam* Order, 4/15/21). Hence, we are bound by this Court's disposition of these issues, which are now the law

_____

expeditious administration of the case and, therefore, we decline to conclude that the extreme remedy of quashal is appropriate. **See id.**

Moreover, we are not persuaded by their argument that the May 22, 2019 memorandum stands for the proposition that H&H and Vincent waived all issues on appeal and, therefore, were precluded from raising the void *ab initio* argument. This Court expressly found in our April 15, 2021 order that the "**motion to strike the judgment as void *ab initio*** because its entry exceeded the prothonotary's authority … **has not been** … **waived** by Appellants," and, thus, it is the law of the case. (*Per Curiam* Order, 4/15/21) (citing **Sharpe**, **supra** at 1184) (emphases added). Moreover, it is a generally accepted principle of law. **See Mother's Restaurant, Inc. v. Krystkiewicz**, 861 A.2d 327, 337 (Pa. Super. 2004) (concluding party could not waive claim that prothonotary acted beyond its authority in entering void *ab initio* judgment because party could seek to strike void judgment at any time).

of the case, and we decline Thomas and Jeanette's invitation to consider the same arguments again. ***See Starr***, ***supra*** at 1331.[7]

We now turn to the merits of the appeal.

## C.

H&H and Vincent argue that the trial court erred as a matter of law and abused its discretion by denying [their] motion to strike the judgment as void *ab initio*."[8] (H&H and Vincent's Brief, at 9) (emphasis and unnecessary capitalization omitted). They posit that the judgment was void *ab initio* where the prothonotary exceeded its limited ministerial authority in entering the fees award on *praecipe* where "[t]here was no basis in law or fact for the award of attorneys' fees, no decision or finding by the trial court for sum certain of fees, [] no post-trial petition for fees, and no hearing on the issue of entitlement to fees or the reasonableness of the fee request." (***Id.***).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a

---

[7] On the same basis, we conclude that the trial court's denial of the emergency motion to strike on the basis that it lacked jurisdiction to decide the issue due to our prior rulings was an abuse of discretion. As detailed above, the law of the case doctrine did not apply to the issue raised in the emergency motion and the trial court should have considered its merits. Although, generally, remand would be appropriate to allow the court to decide the motion on the merits, we decline to do so where we can determine the issue on the face of the record.

[8] "Our standard of review from the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law." ***Vogt v. Liberty Mut. Fire Ins. Co.***, 900 A.2d 912, 915 (Pa. Super. 2006) (citation omitted).

- 14 -

judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is *void ab initio*. …

*Bank of New York Mellon v. Johnson*, 121 A.3d 1056, 1060 (Pa. Super. 2015) (citation omitted).

The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. This so-called "American Rule" holds true unless there is express statutory authorization, a clear agreement of the parties or some other established exception.

*McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009) (citations and most quotation marks omitted).

Regarding the scope of a prothonotary's authority, we observe:

The entry of a judgment by the prothonotary is a ministerial or clerical act, required to be done by the clerk of the court, and consists of placing a judgment previously rendered on the record, by which enduring evidence of the judicial act is afforded. The prothonotary's authority to enter a judgment is generally confined to the circumstances spelled out by the statute or rule. Where a prothonotary enters a judgment outside the bounds of its authority, the judgment so entered is a nullity and without legal effect.

\* \* \*

- 15 -

Rule 3021[9] sets forth the circumstances under which a prothonotary may perform the ministerial act of indexing a judgment, and nothing in the rule confers upon the prothonotary the power to assess liability and enter judgment on *praecipe* of a party where the court has not first specifically granted or denied relief on the matter in question.

**Gleit v. Nguyen**, 199 A.3d 1240, 1248, 1249 (Pa. Super. 2018) (citations, quotation marks and footnote omitted); **see also** Pa.R.C.P. 3021.

"Void judgments are subject to attack at any time, and can even be challenged for the first time in an appellate court." **Sharpe**, **supra** at 1184 (Pa. Super. 2019) (citations omitted). In fact, "our Supreme Court has unanimously held that unauthorized entry of judgment by the prothonotary renders the judgment void, and that such a judgment must be stricken without regard to the passage of time, if its defectiveness is apparent on the face of

---

[9] Rule 3021. Verdict. Order. Judgment. Entry in Judgment Index, provides, in pertinent part:

(a) The prothonotary shall immediately enter in the judgment index

(1) a verdict or order for a specific sum of money with the notation "verdict" or "order". The entry shall state the amount of the verdict or order; [and]

* * *

(3) a judgment, whether entered by the court, on order of court or on praecipe of a party. The entry shall state the amount of the judgment if for a sum certain.

Pa.R.C.P. 3021(a)(1), (3).

the record." ***Jones v. Seymour***, 467 A.2d 878, 880 (Pa. Super. 1983); ***see also Ruehl v. Maxwell Steel Co., Inc.,*** 474 A.2d 1162, 1163 (Pa. Super. 1984) (affirming striking of excess judgment where it was "apparent from the face of the record. . . that the prothonotary was not authorized to enter judgment for any amount in excess of $7,026.77").[10]

It is undisputed that the trial court's decision found a sum certain of $34,224.58 on Thomas's conversion action against Vincent and ordered the Office of Judicial Support to enter judgment for that amount. (***See*** Decision,

---

[10] Thomas and Jeanette respond that the foregoing legal principles apply only to judgments by default or confession, not to situations in which a judgment is entered after a trial, because the defendant is put on notice of and fully engaged in the trial, post-trial and appellate process. (***See*** Thomas and Jeanette's Brief, at 35-36). However, they provide no legal authority to support this claim and, in fact, it is not an accurate reflection of the law. ***See***, ***e.g.***, ***Jones***, ***supra*** at 880 (striking unauthorized judgment entered by prothonotary on arbitrators' award regardless of passage of time); ***Gleit***, ***supra*** at 1247-48 (striking judgment entered by prothonotary as a legal nullity in contempt action where not legally supported by required trial court's findings). An illegal or void judgment is illegal or void no matter the reason it was entered.

We also do not find Thomas and Jeanette's reliance on ***R/S Fin. Corp. v. Kovalchick***, 716 A.2d 1228 (Pa. 1998), to be persuasive because it is factually, procedurally and legally distinguishable. (***See*** Thomas and Jeanette's Brief, at 36-37). In ***R/S***, the issue before the High Court was whether this Court exceeded its scope of review when it reconsidered the validity of a judgment entered in 1983. ***See R/S Fin.***, ***supra*** at 1228. The parties repeatedly moved on a theory, first abandoned for failure to file an appeal, oftentimes in bankruptcy court, that they were denied due process for the failure of the court to hold a garnishment hearing after the jury awarded a sum certain verdict of $1,436,489.00. The parties did not argue that the judgment was void *ab initio*, and neither we nor the Pennsylvania Supreme Court discussed the effect of void *ab initio* judgments. ***See id.*** at 1228-30. All distinctions that make that decision inapplicable.

at 2, Paragraph 4). However, although it directed the Office of Judicial Support to enter judgment in favor of Thomas on his breach of contract action, "plus costs and fees," the court made no specific factual finding as to the sum certain amount of Vincent's liability, Thomas's entitlement to them or their reasonableness, and Thomas and Jeanette offer no argument or evidence that any evidence of same existed. (**See id.** at 2, Paragraph 8); (**see also, generally**, FOF & COL); (Thomas and Jeanette's Brief, at 29-42).

When the prothonotary entered a judgment $34,224.58, plus $1,373,524.49 in attorneys' fees and costs that was not previously rendered by the trial court, it was based solely on the affidavit of Thomas and Jeanette's counsel. This was outside the bounds of the prothonotary's authority, and the resulting void *ab initio* judgment must be stricken. **See Gleit**, **supra** at 1249; **Bank of New York Mellon**, **supra** at 1060; **Jones**, **supra** at 880.

Hence, we vacate the judgment and remand this case to the trial court for a hearing to determine the reasonableness, accuracy and appropriateness of the fees and costs to make a specific finding as to amount of fees and costs that should be awarded under the Rules.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2021